## Kimble v. Standard Oil Company et al.

(Decided May 2, 1930.)

L. G. CAMPBELL, WM. H. MILLER and A. F. BYRD for appellant.

HUNT & BUSH, B. L. KESSINGER, WALLACE MUIR, W. W. MEEKS and CHARLES G. MIDDLETON for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, who was the plaintiff below, brought this action against the Standard Oil Company and the Union Transfer & Storage Company for damages growing out of an automobile accident. A demurrer to the petition was sustained, the plaintiff declined to plead further, and from the judgment dismissing his petition he has appealed.

The accident in which plaintiff was seriously injured occurred at or near the intersection of Manchester and Cox streets in Lexington, Ky. Manchester street runs east and west, and Cox street runs north and south. Plaintiff was driving east on Manchester street in an automobile, and he alleged in his petition that just east of the intersection and on the north side of Manchester street a truck was parked, and opposite this truck on the south side of Manchester street was another truck parked diagonally, leaving a space six or seven feet wide between the two trucks. The two trucks were owned respectively by the appellees, Standard Oil Company and the Union Transfer and Storage Company. He further alleged in his petition that his view was obstructed by the truck on the south side of Manchester street, and as he turned to the left to pass through the open space he discovered a large automobile approaching swiftly from the west, and to avoid a collision with it, endeavored to turn his automobile to the north into Cox street, and in so doing struck a telephone pole.

It is appellant's theory that section 2739g-48 of the Kentucky Statutes, which prohibits the parking of motor vehicles on the main traveled portion of highways

applies to city streets and that appellees in parking their trucks on the street violated that section of the statutes, Section 2739g-48 reads: "No person shall stop a vehicle or leave same standing or cause or permit same to stop or to be left standing upon the main traveled portion of any public highway nor upon any intersection thereof for the purpose of taking on or discharging passengers, or for the purpose of making repairs thereon or to any part thereof: Provided, however, that this provision shall not apply to a vehicle which shall be disabled while on such main traveled portion of the highway in such a manner and to such extent that it is impossible to avoid the occupation of said main traveled portion or impracticable to remove the same therefrom until repairs shall have been made or sufficient help obtained for its removal." Section 2739g-1, subsection (f) reads: "Whenever and wherever the word 'highway' is used herein, it shall mean any and all public highways, roads and passways, no matter of what type of construction, and all boulevards, parkways, streets and public alleys of any and all incorporated cities and towns, as well as the same in unincorporated towns and villages of this commonwealth."

In Bradley v. Clarke, 219 Ky. 438, 293 S. W. 1082, it was held that the purpose of the statute was to prevent any person from stopping a motor vehicle and leaving it standing on the main traveled portion of any public highway. In that case the accident occurred on a highway in the country. The defendant's truck had been left standing on a main traveled portion of the highway with the lights burning. In attempting to pass to the right of the parked truck, the plaintiff in that case struck a wrecked car which was on the right side of the road and just back of the truck, and which the plaintiff could not see until it was too late to avoid a collision. In Padgett v. Brangan, 228 Ky. 440, 15 S. W. (2d) 277, section 2739g-48 was considered, and it was held that a truck driver was guilty of neglect if he parked his truck on the wrong side of the highway at a place where one approaching from the opposite direction could not, because of the darkness and fog, locate the side of the highway on which it was stationed until a short distance therefrom. The accident in the Padgett case occurred on a highway in the country. In neither of the cases

referred to was it intimated that section 2739g-48 applies to city streets.

It is commonly known that highways outside cities have a berm or shoulder on either side of the paved or main traveled portion of the highway. Except in cases of emergency, as where the car has become disabled, it can usually be parked on the side of the highway so that it will not stand upon the main traveled portion thereof. On the other hand, city streets are usually paved from curb to curb, and all of the street is ordinarily used for travel by motor vehicles. We conclude that notwithstanding the definition of the word "highway" in section 2739g-1, subsection (f), of the Motor Vehicle Act, the Legislature in using the words "main traveled portion of the highway" in section 2739g, subsection 48, of the same act intended that subsection to apply only to highways outside cities and not to city streets. Parking on city streets under modern conditions is necessary, and since the Legislature, in regulating the parking of motor vehicles on highways, only prohibited parking on the main traveled portion thereof, it is clear that it did not mean that the prohibition should apply to the streets of a city. See City of Ashland v. Ashland Supply Co., 225 Ky. 123, 7 S. W. (2d) 833; section 3094, Kentucky Statutes.

However, appellant now insists that the petition states a cause of action at common law regardless of whether or not section 2739g-48 applies to a city street. No facts are alleged showing negligence on the part of the appellees, and in the absence of a city ordinance controlling the subject, parking a motor vehicle on the street is not an unlawful act and no facts are alleged showing the parking was done in a negligent manner. It is alleged that appellant's view was obstructed by the automobile parked on the south side of Manchester street, but this would have been true had the truck been moving instead of stationary. Our conclusion is that the lower court properly sustained the demurrer to the petiton.

Wherefore the judgment is affirmed.