STATE *v.* JANET E. SHAW.

*(April* 14, 1937.)

LAYTON, C. J., and SPEAKMAN, J., sitting.

*Caleb M. Wright,* Deputy Attorney-General, for the State.

*I. D. Short, 2nd,* for the defendant.

Court of General Sessions for Sussex County, April Term, 1937.

LAYTON, C. J., delivering the opinion of the Court:

The charge against the defendant before the Justice of the Peace was, that she did park and leave standing a motor vehicle upon the highway without leaving a clear and unobstructed width of not less than fifteen feet upon the main traveled portion thereof opposite the standing vehicle for the free passage of other vehicles thereon, in violation of *Section* 103 (*a*), *Ch.* 10, *Vol.* 36, *Laws of Delaware (Section* 5641 (*a*), *Rev. Code* 1935). She was adjudged guilty and a fine was imposed. An appeal was taken for the purpose of having determined whether the subsection is applicable to incorporated cities and towns.

From the statement of facts submitted to the Court it appears that, on November 3, 1936, at about seven o'clock P. M., the defendant allowed her automobile to remain standing on Lake Drive, a public highway in the incorporated town of Rehoboth, and within a residence district of the town, in such manner as to leave a clear and unob-

structed width of thirteen feet only on the main traveled portion of the highway opposite the standing vehicle. The automobile was off the main traveled portion of the highway with the exception of its right rear wheel; and, while in this position, it was struck in the rear by another automobile.

It is agreed that the judgment of conviction shall be affirmed if the Court shall be of opinion that incorporated cities and towns are within the purview of the statute, which is as follows:

"No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; provided, in no event shall any person park or leave standing any vehicle whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon such highway."

The defendant's argument is this: The words, "outside of a business or residence district," in the body of the statute, clearly indicate that it was not intended to apply to highways in incorporated cities and towns. It is contrary to the nature of a proviso to enlarge the operation of the statute, and it ought not to be so construed. Notwithstanding the general language of the proviso, the statute does not apply to highways in Rehoboth, an incorporated town; and, therefore, the defendant's conviction was without authority in law.

This argument cannot be accepted as sound. Assuming, first, that the words, "outside of a business or residence district," clearly indicate that incorporated cities and towns are outside of the scope of the subsection, and that the part thereof following the word, "provided," constitutes a proviso in a real sense, it does not necessarily

follow that the proviso is to be given a restricted construction. It is true, generally speaking, that a proviso is to be regarded as restrictive or explanatory, and not as extending or widening the reach of the body of the act; but the cardinal rule of construction that the intention of the Legislature must be ascertained and given effect applies to provisos. Frequently provisos have been held to bring in new matter, and not merely to limit or explain that which has gone before. Each statute must depend upon its own terms, and a proviso will be given a construction consistent with the legislation under consideration. 25 *R. C. L.* 984 *et seq.;* 59 *C. J.* 1087 *et seq.;* see *Fouracre v. White,* 7 *Boyce* 25, 102 *A.* 186.

Upon consideration of the whole legislation, of which the subsection is a part, to ascertain the legislative purpose and intent, the word "provided," seems to have no greater significance than would be given to the conjunctions "but" or "and" in the same place; but even if that part of the subsection following the word is to be regarded as a proviso, there seems to be no sound reason to construe it as limiting the scope of the body of the subsection.

The subsection under consideration is a part of the *Motor Vehicle Code (Chapter 10, Vol.* 36, *Del. Laws).* The chapter is entitled, "An Act concerning Motor Vehicles and making Uniform the Law relating Thereto." The word, "highway," is defined as "every way or place of whatever nature open to the use of the public as a matter of right for purposes of vehicular travel." *Section* 1 *(Rev. Code* 1935, § 5539). The term, "local authorities," is defined as "every county, municipal and other local board or body having authority to adopt local police regulations under the constitution and laws of this State." *Section* 1. Local authorities are given precisely defined and limited powers. *Section* 112 of the act *(Rev. Code* 1935, § 5650) provides that local authorities, except as expressly authorized by *Section* 100

(*Rev. Code* 1935, § 5638), shall have no power or authority to alter any speed limitation declared, or to enact or enforce any rule or regulation contrary to the provisions of the Act, except to provide by ordinance for the regulation of traffic by means of traffic officers or semaphores, or other signaling devices, where traffic is heavy or continuous; to prohibit other than one way traffic upon certain highways; to regulate the use of highways by processions or assemblages; and to regulate the speed of vehicles in public parks. *Section* 100 authorizes local authorities to designate main traveled or through highways by erecting at the entrance thereto signs notifying drivers of vehicles to come to a full stop before entering into or crossing the designated highways.

■ ■ The defendant's argument is based upon the assumption that the phrase, "outside of a business or residence district," clearly indicates that the subsection was not intended to apply to incorporated cities and towns, having legislative bodies to enact, and officers to enforce, traffic rules and regulations for the protection of the public. But, it is a matter of common knowledge that there are many business and residence districts in the State outside of incorporated cities and towns; and when the whole Act is considered, it appears to be, with the exception of the specific and limited powers granted to local authorities, a clear expression of the legislative purpose and intent, in aid of the public welfare, to place in the hands of the law enforcement officers of the State the management and control of public highways, both within and without incorporated cities and towns.

■ Whether the Legislature aimed at uniformity of regulation merely, or whether it deemed it unwise to entrust the enactment and enforcement of regulatory measures to local authorities, are not questions for the Court to discuss or to decide; nor is the wisdom of the legislation to be considered. It is sufficient that the Legislature has exercised

its will over a subject matter within the scope of its powers, and that its will has been clearly expressed.

The defendant cites in support of her contention, *Kimble v. Standard Oil Co.*, 235 *Ky.* 169, 30 *S. W.* (2d) 890; *Fontaine v. Charas*, 87 *N. H.* 424, 181 *A.* 417; *Joseph v. Schwartz*, 128 *Wash.* 634, 224 *P.* 5. In the first cited case, the Kentucky Court construed a statute somewhat similar to the one before the Court, but having no provision with respect to a clear and unobstructed width opposite the standing vehicle. It held that parking on city streets under modern conditions was necessary, and that as city streets are usually paved from curb to curb and all the street is ordinarily used for travel by motor vehicles, the Legislature did not intend the prohibition to apply to the streets of a city. For all that appears in *Fontaine v. Charas*, the statute there was held applicable to all highways. In *Joseph v. Schwartz*, the Court expressed a doubt whether the statute was intended to apply to a city street; but in *Neeley v. Bock*, 184 *Wash.* 135, 50 *P.* (2d) 524, express reference was made to the suggested doubt, and the Court was of opinion that, under the definition of the word "highway," streets in incorporated cities were included.

The conclusion must be that the subsection for the violation of which the defendant was convicted, is general in its scope; that it applies to highways in incorporated cities and towns; and that the defendant was caught within its mesh.

The judgment of conviction is affirmed.