## Adams v. Louisville Taxicab & Transfer Co.

May 11, 1948.

406

Ray H. Kirchdorfer and Robert E. Hogan for appellant.

Robert L. Page and Albert F. Reutlinger for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
Reversing.

On the afternoon of April 19, 1946, appellant, Carrie Adams, who was seventy-five years of age, was injured while riding in a taxicab owned and operated by appellee, Louisville Taxicab & Transfer Company. Her injuries were incurred by reason of a collision of the cab and an automobile owned by Ollie Brown which was being operated by Ida Belle Malone. Appellant filed suit against Brown, Ida Malone, and the Taxicab Company. At the conclusion of the evidence the Trial Court peremptorily instructed the jury to find for appellant against Brown and Ida Malone. In accordance with such instruction, they fixed the damages at $15,112. The Court also instructed the jury to find for appellee, Louisville Taxicab & Transfer Company. No appeal has been taken by Brown or Ida Malone, and the only question involved on this appeal is whether the Court correctly instructed the jury to find in favor of appellee.

Appellant was a passenger in appellee's taxicab which was being operated by Oscar D. Attkinson. The cab was proceeding in a southerly direction on Twenty-Second Street in Louisville. The Brown car, with Ida Malone driving, was proceeding easterly on Garland Avenue. Twenty-Second Street is a boulevard, and the City had provided a sign instructing operators of vehicles proceeding on Garland Avenue to stop before entering the intersection. The uncontradicted evidence

shows that one proceeding in a southerly direction on Twenty-Second Street at a point fifty feet north of the entrance to the intersection can observe a vehicle which has arrived at a distance forty-eight feet west of the Garland Avenue entrance into the intersection. Ida Pendleton, who was a passenger in the Brown car occupying the front seat to the right of the driver, testified that the driver of the Brown car stopped before entering the intersection, then proceeded in low gear into the intersection, and the cab and automobile collided in the southwest quarter of the territory composing the intersection. She estimated that the cab was being driven at a speed of approximately thirty-five miles per hour. The cab driver testified that he was driving at a speed slightly less than twenty miles per hour, and that he did not see the Brown car until a moment before the collision occurred. He testified that immediately following the collision his cab "turned around in the street twice" and came to a stop "about fifty feet below (south of) Garland." He further testified that the car came to a stop with the front wheels of the car against the easterly curb of Twenty-Second Street and the car facing an easterly direction. All the testimony on the particular point shows that the Brown automobile came to a stop at the point of impact. The evidence is not clear as to whether the intersection in question is in a residential or business part of the City; therefore, we can not assume that the cab was traveling at a speed which would be prima facie evidence of negligence. However, the testimony as to its speed was sufficient to submit to the jury the question of negligence in that respect. But, irrespective of that, the driver of the taxicab admitted that he was not exercising the degree of care which the law imposes on him in respect to a passenger for hire when he testified that he did not see the approaching automobile until a moment before the impact. Although he had the so-called "right of way," he was not privileged to operate the cab in oblivion to the danger of colliding with an automobile approaching the intersection from a different direction. Conceding arguendo that the operator of the Brown car was negligent, nevertheless the evidence of negligence on the part of the driver of the taxicab was sufficient to submit the question of appellee's sole or concurrent negligence

to the jury under a proper instruction. In Thomas et al. v. Dahl et al., 293 Ky. 808, 170 S. W. 2d 337, 339, the Court said:

"The preferred driver (having the right of way) has the right to assume, although not with implicit impunity, that the other driver about to enter his path of travel from a private driveway will yield to him; yet there remains the duty at all times to exercise reasonable care to avoid collision with other vehicles, and he cannot ignore their presence or possible presence. The duty to yield the right of way may depend upon whether the driver traveling at a lawful rate of speed is so close to the intersection that a prudent person under the circumstances would not have reasonable ground to believe he might safely enter the highway and would not come within the zone of danger. The driver on the subordinate way or street is required to slow down or stop and let the vehicle on the superior way pass when their positions are such that a reasonably careful man might otherwise be in doubt as to which should go first."

In the case from which we have quoted neither of the parties was a common carrier, upon whom the law places the duty of exercising a higher degree of care than it requires of the operator of a private vehicle. In Consolidated Coach Corporation v. Hopkins, 228 Ky. 184, 14 S. W. 2d 768, 770, the Court defined the duty of a common carrier as follows:

"The duty of a common carrier to its passengers is to exercise the highest degree of care. Louisville & N. R. Co. v. Johnson, 168 Ky. 351, 182 S. W. 214, L. R. A. 1916D, 514. And it 'is bound to provide for their safety so far as human care, skill, and foresight are capable of securing that end.' Morgan v. Chesapeake & O. R. Co., 127 Ky. (433), 435, 105 S. W. 961, 32 Ky. Law Rep. 330, 15 L. R. A., N. S., 790, 16 Ann. Cas. 608. In Louisville & N. R. Co. v. Mitchell, 162 Ky. 253, 172 S. W. 527, it is said that where a passenger is shown to have suffered an injury, 'the burden is upon the carrier to show that it could not have prevented it by the exercise of the utmost skill and foresight.' "

Applying these rules to the facts of the case under consideration, it is our opinion that the driver of the

cab in which appellant was riding as a passenger was under the duty to keep a lookout for vehicles approaching the intersection; and when the Brown automobile, according or contrary to traffic regulations, approached the intersection which appellee's cab was about to enter, it was the duty of the driver of the cab, if possible, to ascertain this fact and take due precaution to avoid a collision. The driver of appellee's cab admitted that he did not exercise that degree of care for the safety of appellant which is required of him under the rule set forth in Consolidated Coach Corporation v. Hopkins, supra. Therefore, we are of the opinion that the Trial Court erred in sustaining appellee's motion for a peremptory instruction.

The judgment is reversed for proceedings not inconsistent with this opinion.