## Hardware Indemnity Ins. Co. of Minnesota v. Sprouse.

October 22, 1948.

Rodes, Hàrlin & Willock and John B. Rodes for appellant.

William H. Natcher for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

This action was brought by appellee to recover from appellant insurance company a public liability loss sustained as a result of a motor vehicle accident. At the conclusion of the trial, the lower Court gave a peremptory instruction for appellee, and on this appeal appellant insists it was entitled to such instruction.

Appellee operated a general building supply business in Bowling Green. He owned and used commercially five heavy duty hauling vehicles and a passenger automobile. On or about October 15, 1944 appellant's agent solicited appellee's "fleet" public liability insurance. An application was made, and subsequently a liability policy was issued by appellant covering six listed motor vehicles. Their descriptions were written into the application by appellant's agent, and were obtained at the agent's request from the bills of sale furnished by appellee. The vehicle which is the subject matter of this controversy is described in the insurance policy as a "1940 Dodge 1½ ton truck," with a specified motor and serial number. In October 1945 this insurance was renewed, and the new policy contained the same description.

Actually the motor vehicle specified as a "truck" was what is commonly known as a "tractor-trailer." The motor and serial number descriptions only identified the tractor unit. For some unexplained reason, however, the premium charged on this "truck" was almost double that for three other trucks of the same listed capacity.

A few days before this tractor-trailer was involved in an accident, appellee's brother, who was then operating it, saw appellant's agent. A brief discussion was had between the two as to whether or not the trailer was within the coverage of the policy, and the agent stated that if it was not covered he would take care of it. The accident occurred before the agent had the policy coverage extended, although he did communicate with appellant company regarding it.

On November 9, 1945 this tractor-trailer was involved in a collision with another motor vehicle. Appellant was duly notified, and it undertook the investigation and defense of an action later filed against appellee. A day or two before the date set for trial, appellant

for the first time notified appellee that the motor vehicle involved was not covered by the insurance policy, and it denied liability. Thereupon appellee defended the case, and lost it. Subsquently the judgment against him was compromised for $4,000, which appellee paid in addition to $586.26 for attorney fees and costs, and those sums he seeks to recover.

Appellant's contention is that the coverage of the policy extended only to the motor vehicles specifically described in it; appellee represented the descriptions therein were correct; and no "tractor-trailer" was described in the policy. On the other hand, appellee maintains both parties intended to insure this motor vehicle; it was described on the basis of the precise information the agent requested; appellant's agents customarily checked the insured vehicles; a different premium was charged on this tractor-trailer than was charged for other vehicles listed as 1½ ton trucks; and therefore appellant had knowledge, or should be charged with knowledge, of the type of vehicle which appellee thought was insured under the policy.

There is no doubt the policy contained a mis-description of the vehicle ostensibly insured. The evidence in the case, however, is such as to raise the following questions: (1) whether or not such misdescription was material, and (2) whether or not appellant had knowledge, or should be charged with knowledge, of the type of vehicle inaccurately described in the policy. While there is little conflict in the evidence, the inferences and conclusions to be drawn therefrom where reasonable minds might differ is for the jury. Spencer's Administrator v. Fisel, 254 Ky. 503, 71 S. W. 2d 955; McGraw's Adm'r v. McGraw's Adm'r, 293 Ky. 722, 169 S. W. 2d 840. The trial Court erroneously directed a verdict for appellee.

Appellee contends the conversation between his brother and appellant's agent a few days prior to the accident constituted a valid contract of insurance which covered this particular vehicle. We do not believe this evidence was sufficient to prove a new contract, but it did present an issue as to whether or not, in view of the circumstances, the agent should have either secured immediate coverage of this vehicle or advised appellee

that it was not covered. This question, however, should likewise have been submitted to the jury.

What has been said above with respect to the right of appellee to a directed verdict also answers appellant's contention that one should have been directed in its favor. If the evidence is substantially the same on another trial, the case should be submitted to the jury under proper instructions which embody the theories of both parties to this action.

For the reasons stated, the judgment is reversed for a new trial consistent with this opinion.