## Shely v. Jeter.

February 8, 1949

Stoll, Keenon & Park, for appellant.

Frank L. McCarthy for appellee.

OPINION OF THE COURT BY JUDGE HELM—Reversing.

This is an appeal from a judgment recovered by appellee against appellant in the Fayette circuit court for personal injuries.

Appellee, forty years of age, was driving along the Richmond Road toward Lexington on October 31, 1946, when the car in which she was riding was struck by a truck going in the opposite direction. Upon the trial of the case, appellant admitted negligence and the case was tried solely upon the issue of damages.

Appellee testified that she expended $50 for medical and hospital expenses. There was no proof of any permanent injury. By instructions of the court, the recovery was limited to the items of medical expenses and pain and suffering. The jury returned a verdict for $5050.

Appellant filed motion for a new trial solely on the ground of excessive damages. The only issue to be determined on this appeal is whether, under the testimony, the verdict was excessive.

Appellee, plaintiff below, testified that she was driving on the right side of a hard surface road; that she met a two-ton truck of the Shely Construction Company; that the truck struck the left side of her car, and "the front and the lights and radiator, all on the left side was caved in." Appellant admitted that "the truck went on the wrong side of the road and collided with her." Appellee had stopped her car before the impact. Describing the impact, she stated that when it struck "it seemed like everything in my stomach went up into my chest and I was bumped about and bruised all over, and dazed * * * I was crying and scared * * * I was pretty well battered all over * * * I have been unable to do anything for my babies like I did before, I can't do my housework. * * * My head aches and my back bothers me constantly * * * I have pain particularly on my left side * * * I wake up at night crying and frightened, I am so nervous, and my head aches constantly, and I never had any trouble that way before." Her back hurts "at the end of my spine and about the middle, up about middle ways. I seem always to have pain * * *." She says "I had a bruise on my thigh the size of my hand, and my knees and elbows and ribs were bruised, and my ankles were bruised and the top of my head, where my head struck the top * * * of the car. * * * I was in bed two or three weeks after that, and could hardly turn over, I was so sore and ached everywhere." These bruises "still hurt just as much as they did at first. * * * I have throbbing headaches all the time, and I am weak and sore all over. * * * I suffer just as much now as I did before. * * * My tongue was badly bruised where I had bit it when my head hit the top of the car." Before the accident she "was always well."

Dr. McGinnis, her family physician, examined her and made an X-ray of her at the hospital. Dr. McGinnis' bill was $10 and the hospital bill $40.

Her sixteenth child was born August 15, 1947, ten and one-half months after the collision. About six weeks after the birth of this child, she had an operation performed by Dr. Fred Rankin, of Lexington, Kentucky, for a tumerous condition of the uterus. Since that operation Dr. Massie has been giving her X-ray treatments for the condition of the uterus.

Dr. Stoeckinger, physician selected by the appellant, examined appellee on April 24, 1947. At that time she complained of pain over the coccygeal bone at the lower tip of the spine, and that she was stiff and sore over most of her body. When he gave her special examinations she gave no evidence of pain. He made an X-ray of her back and the small bones of the spine but did not find anything abnormal. Under the tests that he made of her he did not find any objective trouble. Her trouble was subjective. He did not find any evidence of permanent injury. There is no suggestion that the cancerous condition of the uterus is due to the accident. Appellee did not have any physician to testify in her behalf.

It is not possible to determine with mathematical accuracy reasonable compensation for injuries like these. No rule can be laid down by which damages allowable in personal injury cases may be accurately measured. Uusually, the best that can be done is to leave what is fair and right to the judgment and discretion of the jury, and we are not authorized to and do not interfere with their judgment and discretion unless it appears that their assessment was influenced by passion or prejudice, or is so unreasonable as to appear at first blush disproportionate to the injuries sustained.

Pagliro v. Cleveland, 302 Ky. 306, 194 S.W.2d 647 649, is quite similar to this case. The plaintiff was a middle-aged woman. There was no proof of permanent disability. The verdict was for $5000. In that case we said:

"The standard by which an award for damages, caused by a wrongful act is judged is variable, so much so that to determine the issue no particular opinion of ours or any other court may be conclusively applied to the pending case. The facts are always different; there are always the questions of the extent of suffering pain and mental anguish, permanency, or nonpermanency of the results of injury, impairment of power to earn, plus necessary expenditures. This is well illustrated by the fact that counsel for appellee cites some ten or more cases as illustrative of the point that the damages allowed were within the realms of reason. On the other hand appellant cites about the same number of cases in arguing that the verdict is excessive. * * * We * * * find that in most of the cases where there was a substantial

award, the facts as to pain and suffering may not have differed, but there were present in many a showing of some permanency of injury and loss of earning power.''

In that case the judgment was held to be excessive.

In Ken-Ten Coach Lines, Inc., v. Siler, 303 Ky. 263, 197, S.W.2d 406, 409, the jury returned a verdict for $3500 for the plaintiff. We reversed the judgment, saying:

''In practically every instance where a comparable verdict was upheld, there was some showing of permanency of injury and loss of earning power. In the absence of such a showing, similar or smaller verdicts, where the injuries were greater than those suffered by the appellee, have been set aside as excessive. Pagliro v. Cleveland, 302 Ky. 306, 194 S.W.2d 647; Fischer v. Eby, 272 Ky. 554, 114 S.W.2d 768; Jefferson Dry Goods Company v. Dale, 257 Ky. 501, 78 S.W.2d 305.''

The Kentucky cases on this question are summarized in 2 Kentucky Digest, Appeal and Error, Key 1004(1). A reading of the cases shows the rule to be that the verdict of the jury will not be set aside as excessive unless the award appears to be disproportionate to any reasonable consideration of proved injury and its results, and to strike the court at first blush as not having been reached in calm deliberation and without passion and prejudice, or some element which tended to bias the minds of the jurors. We have reached the conclusion that the amount of the verdict requires us to apply the rule and hold that it is excessive.

The judgment is reversed with direction to award appellant a new trial.