## MAHAN v. ABLE.

Court of Appeals of Kentucky.
Sept. 26, 1952.

Rehearing Denied Nov. 13, 1952.

Ernest Woodward, Woodward, Hobson & Fulton, Louisville, for appellant.

Davis, Boehl, Viser & Marcus, Louisville, Joseph E. Stopher, Louisville, for appellee.

LATIMER, Justice.

The prime, and in fact only serious question presented by this appeal is whether or not appellant was entitled to a peremptory instruction.

The accident out of which this action arose occurred on Derby Day, May 7, 1949, at about 7:30 p. m. at the intersection of Eastern Parkway and Norris Place, Louisville. Appellant was driving his automobile westwardly on Eastern Parkway, a boulevard, which at this point

was a three-lane highway, two lanes of which were used for eastbound traffic. These lanes were congested with automobiles leaving Churchill Downs. This congestion was aggravated by the fact that at the intersection of Eastern Parkway and Bardstown Road, one block east of the intersection where the accident occurred there was a traffic light which intermittently halted the flow of traffic. At the time of the accident traffic was light on the westbound lane.

Appellee's account of the accident in substance was that he was traveling north on Norris Place and that, when he reached the intersection with Eastern Parkway, Norris Place was blocked by two solid lanes of traffic. After about two minutes an automobile in each lane stopped and blocked traffic to the rear in order to make an opening for appellee to drive through. He then proceeded to cross the boulevard at a speed of between 5 and 10 miles per hour. Before crossing he looked to ascertain if any automobiles were in the westbound lane, but, due to the line of traffic impairing his vision, the top of the hill was the only point of which he had a clear view. While crossing the two lanes of traffic, his view was completely obstructed. The first notice he had of the impending accident came when he was in about the middle of the westbound lane at which time he heard a screeching of tires and saw the flash of appellant's lights. Immediately thereafter the accident occurred.

Appellant's testimony, in substance, was that he was driving westwardly on Eastern Parkway at a speed of about 25 or 30 miles per hour; that his automobile was the only car in his lane but the other two lanes were solid with cars; that when he was about 15 or 20 feet from the intersection he received his first notice that the appellee was crossing the boulevard; and that when he heard appellee's motor "gunning" and saw the reflection of the car's lights, he immediately applied his brakes and cut to the right in his attempt to avoid the accident. A guest in appellant's car substantially corroborated the version as given by appellant.

At the conclusion of all the testimony each party moved for a directed verdict. The court overruled each motion. The case was submitted to the jury which found for neither on the ground that the accident was caused by the negligence of both parties.

Appellant contends that the court erred in refusing to direct a verdict for him. This contention is based on the theory that it was conclusively proven that the sole cause of the accident was appellee's negligence. True, when all the evidence tends to support the cause of action alleged and to disprove the facts relied upon for a defense, the court should peremptorily instruct for the plaintiff. Rammage v. Kendall, 168 Ky. 26, 181 S.W. 631, L.R. A.1916C, 1295. Assuming that here the evidence tends to support the cause of action to the extent that it conclusively shows appellee to have been negligent, we cannot escape the fact that in order to ascertain the propriety of granting a directed verdict it must also be determined whether the evidence tended to disprove the defense.

Appellee contended that the negligence of the appellant, in his failure: (1) to keep his car under reasonable control, (2) to keep a proper lookout ahead upon approaching an intersection and (3) to sound his horn warning of his approach, was the proximate cause of the accident.

A person operating an automobile on a highway must exercise reasonable and ordinary care having due regard to traffic and other conditions under which he is traveling. Meriweather's Adm'x, v. Pickering, 273 Ky. 367, 116 S.W.2d 670. A motorist has the duty to drive at a speed not excessive under the circumstances, to keep the automobile under reasonable control, and to maintain a lookout. Schechter v. Hann, 305 Ky. 794, 205 S.W. 2d 690. One driving an automobile must exercise ordinary care to give, if necessary, timely warning of his approach. McCray v. Earls, 267 Ky. 89, 101 S.W.2d 192.

In the present case appellant was traveling on a superior highway. The mo-

torist having the right of way may assume, although not with impunity, that another driver about to enter his path of travel will yield to him. However, the duty of reasonable care remains. Thomas v. Dahl, 293 Ky. 808, 170 S.W.2d 337; Adams v. Louisville Taxicab & Transfer Co., 307 Ky. 405, 211 S.W.2d 397. In Mullen v. Coleman, 297 Ky. 351, 179 S.W.2d 600, we held that the driver of an automobile on a main highway had the right to assume, in the absence of something to put him on notice to the contrary, that the driver of an automobile approaching the highway on a side road would, in obedience to a stop sign, stop before entering the superior highway.

With the above rules in mind we look to see if there was evidence from which the jury could find that the negligence of appellant was a proximate cause of the accident. The evidence revealed that appellant was driving westwardly on one lane of a three-lane boulevard at a speed of about 30 miles per hour with the other two lanes congested with eastbound traffic; that he was approaching an intersection; the eastbound traffic had stopped, making an observable opening at the intersection; and that his vision of objects in that opened portion was blocked by the heavy traffic. Under such circumstances appellant, even though he had the right of way, could reasonably anticipate not only a bare possibility but even a likelihood of attempted crossings at that intersection. He had capacity fully to appreciate the increased hazards of traffic on Derby Day. He could not entirely ignore or be oblivious to the fact that he was driving at a time when the congested traffic condition made of the whole city a caution zone. He was under a duty to exercise reasonable and ordinary care having due regard to traffic and other conditions under which he was traveling; to keep his car under reasonable control; to maintain a lookout; and to give, if necessary, a timely warning of his approach. As there was evidence from which a jury could reasonably infer that the appellant failed in one or more of these duties, the negligence of appellant was a question of fact for the jury. The inferences and conclusions to be drawn from the evidence where reasonable minds may differ are for the jury although there may be little conflict in the evidence. Hardware Indemnity Insurance Company of Minnesota v. Sprouse, 308 Ky. 332, 214 S.W.2d 407.

Appellant contends that the court erred in giving the jury an instruction on speed. This instruction imposed on appellant the duty "to operate a Packard automobile he was driving at a rate of speed which was reasonable and proper having due regard for traffic conditions and the use of the streets at the time and place." It is insisted that speed could not be the proximate cause of the accident as there was no opportunity to avoid the collision. To constitute proximate cause, an act must be such that it induces an accident and without which the accident would not have occurred. Berry v. Jorris, 303 Ky. 799, 199 S.W.2d 616; Overton's Adm'x, v. City of Louisville, 221 Ky. 289, 298 S.W. 968. According to appellant he first received notice of the danger when his automobile was about 15 to 20 feet from the intersection. A guest in his automobile testified that when appellant's car was about 10 to 15 feet away from appellee's automobile, the screeching of appellant's brakes apprised him of the peril. Proceeding at the rate of speed at which appellant was going, it was impossible for him to avoid the accident on such short notice. However, under the traffic conditions shown in this case, the jury could reasonably infer that this speed was excessive. The evidence as to the traffic was such that reasonable men would differ as to what speed would be appropriate. Where the inferences which may be drawn from the evidence present room for contrary conclusions by reasonable men a question of fact is presented. Fullenwider v. Brawner, 224 Ky. 274, 6 S.W.2d 264. The jury could infer that under the circumstances the appellant's speed should have been such that he would be capable of stopping in time to avoid a foreseeable risk. Care in the operation of an automobile must be in proportion to the danger to be avoided and consequences which an ordinarily prudent person might antici-

pate, and the standard of care must be measured by the circumstances and the situation attending the particular case. Tucker v. Ragland-Potter Co., 285 Ky. 533, 148 S.W.2d 691. Whether or not speed was the proximate cause of the accident is, therefore, dependent on the inferences which the jury may draw from the evidence.

Appellant also makes sundry other contentions which he claims justify a reversal. Appellant states the court erred in refusing to submit the issue of the permanency of appellant's injury to the jury. Assuming that this issue should have been presented to the jury, this error could not be prejudicial as the jury found that appellant was not entitled to recover for any injury. He next asserts that appellee's reference to a former suit was improper. The court admonished the jury not to consider this matter. Where the trial court properly admonishes the jury to disregard counsel's improper statement, the judgment will not be reversed because of such statement unless it is so prejudicial under the circumstances that the court's admonition will not cure it. Elliott v. Drury's Adm'x, 309 Ky. 814, 219 S.W.2d 3. The admonition in this case cured any prejudicial effect. Appellant also complains of the introduction of alleged incompetent evidence concerning the size of appellee's family and of alleged misconduct on the part of appellee's counsel in his argument to the jury. No objection was interposed by appellant to call the court's attention to the impropriety of these matters. An objection to an improper argument of counsel cannot be taken for the first time on appeal. McCoy v. Kilgore's Adm'r, 306 Ky. 678, 209 S.W. 2d 66. Likewise, the admission without objection of incompetent evidence is not grounds for reversal. Nussbaum v. Wasbutsky, 273 Ky. 661, 117 S.W.2d 902. We conclude that there is no merit in these various contentions.

Judgment is affirmed.