## FIX v. SHIPLEY.

Court of Appeals of Kentucky.

Feb. 19, 1954.

Fielden Woodward and Woodward, Hobson & Fulton, Louisville, for appellant.

Edwin W. Paul, Louisville, for appellee.

COMBS, Justice.

The appeal is from a judgment of $5977 for personal injuries received in an automobile accident. The defendant, appellant here, contends the damages are excessive.

A related question is whether there was evidence of permanent injury.

Plaintiff was injured when a jeep in which he was riding was struck by defendant's automobile. In addition to abrasions and bruises, plaintiff's injuries consisted of a laceration of the forehead four centimeters long, hematomas about both eyelids, a cerebral concussion, and a laceration of the inside of the lower lip. He was unconscious for eight hours and remained in the hospital eight days. He testified at the trial that he had some trouble with one of his shoulders; that he had lost most of his sense of taste and smell, and had a tingling sensation about his upper lip. The medical testimony can best be understood by the following quotations from the deposition of Dr. Van Hook, plaintiff's attending physician:

"35Q. Doctor, will you please give us your diagnosis of Mr. Shipley's condition as a result of these injuries? A. Cerebral concussion, laceration of right forehead and inner lower lip, abrasions of face."

"44Q. Are there any permanent effects from the injuries he received insofar as you know as of now? A. I last saw him on November 28, at which time he was still complaining of a tingling sensation in his right upper lip when it was stimulated. He also stated that he was rarely aware of being able to smell odors of food or odors of any type."

"53Q. And going into his injuries, as I understand it, he had scalp injuries and he had skull injuries, and was there any brain injuries, direct brain injuries? A. He had scalp injuries. We have no definite evidence of skull injury. There definitely is evidence of brain injury from his loss of consciousness and mental confusion at the time we saw him following the injury."

"57Q. Well, assuming that he had an acute sense of smell and a very normal sense of smell preceding his injuries? A. From his statement to me when I saw him on November 28, 1951, he had impairment of his sense of smell at that time, and if it was related to his accident I think we will have to assume it would be a permanent impairment."

(Plaintiff testified he had normal sense of smell before the accident.)

"75Q. But you would say, Doctor, aside from any errors that may appear in the record, that his loss of smell is indicative of a brain injury that he received in this accident? A. I would."

The physician who examined plaintiff for the defendant found no objective evidence of permanent injury.

Both parties rely on Shely v. Jeter, 309 Ky. 323, 217 S.W.2d 804, 805. In that case a verdict of $5050 for injuries not shown to be permanent was set aside. It was said in the course of the opinion:

"It is not possible to determine with mathematical accuracy reasonable compensation for injuries like these. No rule can be laid down by which damages allowable in personal injury cases may be accurately measured. Usually, the best that can be done is to leave what is fair and right to the judgment and discretion of the jury, and we are not authorized to and do not interfere with their judgment and discretion unless it appears that their assessment was influenced by passion or prejudice, or is so unreasonable as to appear at first blush disproportionate to the injuries sustained."

It is not disputed that plaintiff suffered rather severe injuries, including a head injury which made him unconscious for eight hours. Moreover, there is some evidence of permanent injury. It cannot be said that the amount of the verdict is so high as to appear at first blush disproportionate to the injuries sustained. That being so, this court should not interfere.

The judgment is affirmed.