**CODY et al. v. NORTOF.**

**CODY et al. v. BEHR.**

Court of Appeals of Kentucky.

March 26, 1954.

As Modified May 14, 1954.

Robert L. Page, Louisville, for appellants Louisville Taxicab & Transfer Co. and Montgomery.

Woodward, Hobson & Fulton, Louisville, for appellant Hubert L. Cody.

George Broadus, Louisville, for appellee Louise Nortof.

H. Solomon Horen, Louisville, for appellee Julia Behr.

WADDILL, Commissioner.

This is an appeal from judgments for appellee, Louise Nortof, in the sum of $5,638, and for appellee, Julia Behr, in the sum of $6,242.75, against the three appellants. Since the cases were tried together in the circuit court, both cases will be considered and decided in this opinion.

The automobile collision from which these cases stem occurred shortly before midnight, on December 1, 1950, in the city of Louisville. Two cars were involved. One was a taxi of the appellant Louisville Taxicab and Transfer Company. It was being operated by its agent and employee, Theodore A. Montgomery, who is also an appellant herein. The other automobile was being operated by the appellant Hubert L. Cody. The two injured appellees were paying passengers in the taxi, which was then being operated for hire.

The collision occurred at the intersection of Brook and College streets. The scene is in a residential neighborhood, and is located in a 30 mile per hour speed zone. The streets intersect at right angles and each street is 36 feet wide. Brook street is a one-way boulevard with four traffic lanes going north. It is the preferred street at that intersection. College street runs east and west and also carries four traffic lanes, two east and two west. It is the inferior street at the intersection and stop signs have been placed there.

The intersection was well illuminated and visibility was good. It had rained ear-

lier, and the streets were still wet. Montgomery was operating his taxi northwardly on Brook street, in the second traffic lane from the east curb, immediately to the right of the street's center line. Cody was operating his car west on College street and approaching the intersection from the east. Both drivers gave contradictory versions of how the collision occurred.

Cody testified that prior to the accident his car had been parked in front of a residence on the north side of College street approximately 50 yards east of the intersection of Brook street. He stated that he started his car and proceeded west on his right side of College street, with his car in low gear, and made a complete stop at the Brook street intersection; that he could see south on Brook street for a distance of one block and did not see the taxi; that he then started across the intersection at a speed of 10–12 miles per hour; that he did not see the approaching taxi until he was halfway across the intersection; that the taxi was then 50–100 feet south of the intersection and was traveling at a speed of 50–60 miles per hour and that the collision occurred an instant later.

Montgomery's testimony offers an entirely different version of the accident. He testified that while enroute on Brook street to deliver appellees to their destination, he entered the intersection at a speed of 18–23 miles per hour; that he did not see Cody's automobile until after his taxi was inside the intersection and had reached a point 10 to 12 feet north of the south intersection line, and about 6 feet south of collision point; that, at that instant, Cody's car was 30 to 40 feet east of the intersection and was approaching the intersection without lights at a speed of 35 miles an hour or better; that Cody failed to make the boulevard stop and ran into the side of the taxi.

The evidence given by the investigating police officers was to the effect that the collision occurred in the northeast quarter and at about the center of the intersection; that the taxi came to a stop 40 feet north of the intersection with its front end into the west curb of Brook street; and that Cody's car came to a stop on the sidewalk of the northwest corner. Both vehicles were badly damaged. No skid marks were present, which indicated that neither driver had applied his brakes. The appellees suffered serious injuries in the accident and there is no complaint made that their verdicts were excessive.

The only disinterested witness to the collision was Bernard J. Miller. He testified that he did not see the car driven by Cody until the instant of impact. He stated that he was walking along the north side of College street near the intersection of Brook street when he saw the taxi about 300 feet away as it approached the intersection of College street. Mr. Miller estimated the cab's speed at 40 miles per hour and said that it did not appreciably slacken its speed as it approached and entered the intersection. He stated he then saw the collision and placed both cars north of the intersection at that time.

The testimony of the appellees, Louise Nortof and Julia Behr, is of little value in determining who was at fault in the accident. Both appellees were engaged in conversation about their sick relatives whom they had just visited. All we need mention is that Mrs. Nortof testified that in her opinion the cab in which she was riding was being driven about 45 miles per hour.

The appellants, Louisville Taxicab and Transfer Company and Montgomery, contend that the speed of the cab, regardless of how fast it was operated, played no part in the causation of the accident; that the proximate cause of the collision was the negligence of Cody, and that he violated every duty the law imposed on him.

There was evidence that the taxicab was being driven at an excessive rate of speed. But, irrespective of that, the driver of the taxicab admitted that he was not exercising the degree of care which the law imposes on him in respect to passengers for hire when he testified that he did not see the approaching automobile of Cody until a moment before the impact. Louis-

ville Taxicab & Transfer Co. v. Smallwood, 311 Ky. 405, 224 S.W.2d 450. Although the driver of the taxi had the so-called "right of way" he was not privileged to operate the cab in oblivion to the danger of colliding with an automobile approaching the intersection from a different direction. Adams v. Louisville Taxicab & Transfer Co., 307 Ky. 405, 211 S.W.2d 397; Thomas v. Dahl, 293 Ky. 808, 170 S.W.2d 337.

■ The duty of a common carrier to its passengers is to exercise the highest degree of care. Louisville & N. R. Co. v. Johnson, 168 Ky. 351, 182 S.W. 214, L.R.A. 1916D, 514.

■ Applying these rules to the facts under consideration, and conceding arguendo that Cody was negligent in the operation of his car, we find that evidence of negligence on the part of Montgomery, the driver of the taxicab, was sufficient to submit the question of Montgomery's sole or concurrent negligence to the jury. Adams v. Louisville Taxicab & Transfer Co., 307 Ky. 405, 211 S.W.2d 397.

■ Complaint is made concerning introduction of testimony of Irene Cody. However, we deem it sufficient to say that this evidence was merely cumulative, and therefore, if conceded to be incompetent, was not prejudicial.

■ Each of the appellants further urges that the instructions given by the court were erroneous. Their first complaint is directed at instruction No. 3(e) which relates to the duty of the operator of the taxicab "to give reasonable and timely warning of the approach of said taxicab by sounding the horn * * *, if the jury believe from the evidence it was reasonably necessary for him so to do, * * *." In Louisville Taxicab & Transfer Co. v. Tungent's Adm'r, 313 Ky. 1, 229 S.W.2d 985, a case involving facts similar to those appearing in the instant case, the court considered the question raised here, and held that it was for the jury to determine, under the circumstances, whether it was necessary to give a warning signal.

■ Further complaint is directed at instruction designated as 4(g). This instruction defined the duties of Cody at the boulevard stop under KRS 189.330. We have carefully considered this instruction and find that it correctly submitted the issue on this phase of the case. Harris v. Morris, Ky., 259 S.W.2d 469; Danville Cab Co. v. Hendren, 304 Ky. 528, 201 S.W.2d 561.

Wherefore, each judgment is affirmed.