Harold **STANLEY** and Paul Johnson,
Appellants,

v.

Lillian **CALDWELL** and John Caldwell,
Appellees.

Court of Appeals of Kentucky.

Oct. 15, 1954.

Rehearing Denied Jan. 28, 1955.

Dysard & Dysard and W. H. Dysard, Ashland, for appellants.

E. Poe Harris, Ashland, for appellees.

STEWART, Chief Justice.

Appellees, Lillian Caldwell and her husband, John Caldwell, brought this action against appellants, Harold Stanley and Paul Johnson, to recover $33,000 in damages, which they alleged resulted from a collision between an automobile driven by Lillian Caldwell and a truck owned by Stanley and driven by Johnson. The petition averred negligence generally. Stanley and Johnson answered by pleading contributory negligence upon the part of Lillian Caldwell, and, in addition, entered a counterclaim against John Caldwell for $350 damage resulting to the truck. On a previous trial the jury returned a unanimous verdict in favor of appellees, setting the amount of recovery at $977.29. Upon motion by appellees the trial court ordered the verdict set aside and granted a new trial. The second trial resulted in a verdict for the appellees, and an award of $8,422.27 in damages. From a judgment entered upon the verdict this appeal is taken.

Appellants assert prejudicial errors were committed by the trial court (1) in refusing to find Lillian Caldwell guilty of contributory negligence as a matter of law, and (2) in refusing to set aside the award of damages as excessive.

The accident occurred the night of February 9, 1952, when Lillian Caldwell was driving her husband's car from Ashland toward her home on U. S. Highway 23. It is undisputed that approximately one hour before the accident the truck owned by Stanley had run out of gas while being driven along this highway by Johnson. The latter testified he drove the truck as far off the highway as possible, but he admitted that half the vehicle still remained

on the pavement and that it was parked on a slight upgrade. A passing motorist was stopped and upon Johnson's request left to get some gasoline for the truck. Before this could be obtained and while the truck stood in the position above described the collision occurred.

Lillian Caldwell testified she was driving at a speed of 35 miles per hour and maintaining a proper lookout just before the collision. She had proceeded around a curve, then had driven down a small hill or "dip" in the road, and had just started upgrade when she discovered the truck ahead, parked in her lane on the highway. She was unable to swerve sufficiently or stop in time to avoid the impact. She said the lights on her husband's car were in good condition and were turned on full force at the time. She explained that she failed to observe the truck until she was practically on it because in descending the hill the car lights had been cast downward and did not shine on the truck to reveal it until she started up the hill ahead. She also testified there were no lights on the truck nor any flares or signals near it to indicate its existence on her side of the highway.

Several witnesses testified they had passed the truck earlier in the evening. They said they observed no lights on it; nor did they see any flares or signals of any kind set out on the road to warn the traveling public of the presence of a disabled truck. Three of these motorists stated they almost ran into it, because they did not see it until they were right on it.

Appellants, in their effort to place the entire blame for the accident upon Lillian Caldwell, claim she was driving at an excessive rate of speed. They also contend there was plenty of room for her to drive around the truck in the usual manner. This was proven, they argue, because others traveling the same route as she saw the truck in time to pass it safely. She was familiar with the highway, they maintain, and she therefore knew where it dipped and where her lights could not reveal objects on it until she was right on them. They conclude therefore that she convicted herself of "gross contributory negligence" when she drove on the highway at a high rate of speed and with as little care as she exhibited on the occasion for the safety of herself and other motorists.

There is no testimony other than her own as to the rate of Lillian Caldwell's speed, which she fixed at about 35 miles an hour. She was traveling on an otherwise unobstructed highway in a 50-mile an hour speed zone, with no reason to anticipate that an unlighted truck would be sitting in her lane of traffic. From the evidence introduced, it is apparent a jury might find, as two juries did in two trials of this case, that Lillian Caldwell's explanation as to how and why she collided with the truck was sufficiently reasonable to relieve her of blame for the accident.

It is a fundamental rule that the jury is entitled to pass upon questions of negligence and contributory negligence, unless the evidence is so clear cut that but one conclusion could be drawn by fair-minded men. See Hardware Indemnity Insurance Co. of Minn. v. Sprouse, 308 Ky. 332, 214 S.W.2d 407. The evidence leaves no doubt in our minds that the question of Lillian Caldwell's contributory negligence was properly submitted to the jury.

It is next urged that the damages are excessive, and the complaint on this score is solely directed at the award of $7,500 for physical pain and mental suffering contained in the verdict and included in the judgment. The testimony of two doctors and that of Lillian Caldwell discloses she suffered severe lacerations on and injuries to her face. Her lower jaw was broken into the hinge on the right side. All her teeth were knocked loose. The roof of her mouth was somewhat caved in. The face injury also depressed her cheek bone, thus affecting the outer wall of the maxillary sinus. Her nose was fractured and one side of it is still out of line.

As a result of her injuries she can open her mouth only to a limited extent. Her lower jaw protrudes out, so that normal occlusion is not possible. It was stated she will lose her teeth prematurely and she will

also be subject to sinus trouble. Both doctors testified she is permanently disabled in respect to the injuries we have enumerated. She still suffers pain every time she eats; in fact, the pain that accompanies chewing is such that she can only eat soft foods.

We have many times written that no rule can be laid down by which damages for pain and suffering in a personal injury case may be accurately measured. At best, what is fair and right can only be left up to the judgment and discretion of the jury and this Court will not interfere with the verdict they render unless the assessment of damages was influenced by passion and prejudice, or it is so unreasonable as to appear at first blush disproportionate to the injuries sustained. See Roland v. Murray, Ky., 239 S.W.2d 967; Shely v. Jeter, 309 Ky. 323, 217 S.W.2d 804.

Certainly, in the light of the evidence and of the condition that Lillian Caldwell has been left in by her injuries, it can not be argued with any grace that there is anything in the record to indicate that the jury was influenced by passion or prejudice or that it was misled as to the merits of the case.

Wherefore, the judgment is affirmed.