Jack KLABER et al., Appellants,

v.

WILLIAMS TRACTOR CO., Inc., Appellee.

Court of Appeals of Kentucky.

Nov. 15, 1957.

Athol Lee Taylor, Taylor & Ray, Louisville, for appellant.

Boehl, Stopher, Graves & Deindoerfer, Louisville, A. J. Deindoerfer and John C. Fogle, Louisville, for appellee.

CULLEN, Commissioner.

Jack Klaber and his employer's compensation insurer (National Surety Corporation) sued the Williams Tractor Company for damages for personal injuries alleged to have been received by Klaber as the result of the negligence of Robert Thomas, an employe of the defendant. Summary judgment was entered for the defendant, and the plaintiffs have appealed.

The alleged injuries arose out of a collision, on the premises of Klaber's employer, the Falls City Stone Company, between a

large gravel truck known as a "Euclid" driven by Klaber, and a pick-up truck driven by Thomas. Klaber was driving up grade on a road coming out of a quarry pit, on the *left* side of the road. Thomas was driving down the road, on his *right* side. Thomas observed the "Euclid" coming around a sharp bend in the road, some 50 feet away, and applied his brakes. Klaber saw the pick-up truck at about the same time, and endeavored to stop his vehicle. Both vehicles had almost come to a stop when they hit head on, with a very slight impact, resulting only in a dented fender and broken headlight on the pickup truck. Klaber did not claim to have been injured by the impact, but claimed that his back was wrenched when he grabbed for his emergency brake.

Klaber's action for damages is predicated solely upon the proposition that Thomas was negligent in driving his truck on the road leading down into the quarry pit without first informing himself of a *custom* of the stone company that loaded trucks coming up the road would drive on their left side, and empty trucks would go down the road on their left side.

Thomas was on the premises as a business invitee, for the purpose of repairing or servicing a tractor of the stone company. On the preceding day, he had come on the premises for the same purpose, but had traveled a different roadway on which the custom did not prevail. He had talked with the company manager on that day, and the manager had said nothing about the custom governing the road leading down to the quarry pit.

 Klaber maintains that because of the special nature of a quarry operation, involving considerable movement of vehicles, Thomas had the duty, before driving about the premises, to seek out the manager and make inquiry concerning any special customs. This is a novel theory, and is not supported by any authority.

 Thomas was not entering into a specially restricted area of the premises, and there were no signs or other warnings of the special custom of driving. As far as normal observation would disclose, the quarry pit road was an ordinary two-lane road. Driving on the right side of a road, whether the road is public or private, is a universal custom. See Sills v. Forbes, 33 Cal.App.2d 219, 91 P.2d 246. We think that where business premises are open for use by invitees, with no restrictive barriers or warnings, the invitee cannot be charged with the duty of informing himself of a special custom governing movement of persons, machines or vehicles on the premises, particularly one completely the opposite of universal custom.

 The only basis upon which it could be said that there was a genuine issue of material fact in this case is that reasonable minds could differ as to whether Thomas exercised the care of a reasonably prudent man. We think reasonable minds could not differ, and the only conclusion that rationally could be drawn is that Thomas was not negligent. Accordingly, the court properly entered summary judgment for the defendant.

The judgment is affirmed.