**Sellie G. LEE, Jr., Appellant,**

v.

**August E. DUTLI, Appellee.**

Court of Appeals of Kentucky.

March 25, 1966.

Rehearing Denied July 1, 1966.

John L. Harbolt, Louisville, for appellant.

Fielden Woodward, Louisville, for appellee.

GEORGE O. BERTRAM, Special Commissioner.

Appellant as plaintiff in the trial court filed his complaint seeking damages of $15,-000 for personal injuries claimed as the result of the negligence of appellee in the operation of his automobile. Appellant parked his car about 9:00 P.M. March 3, 1964, in the private parking lot at the rear of the Ben Snyder Store in the Algonquin Manor Shopping Center in Jefferson County. Appellant was there with his daughter to pick up his wife who worked at the Ben Snyder Store. While waiting for his wife appellant got out of the car and went to the rear to get an old sock from the trunk to wipe the windshield, which had fogged up. Appellee at about this time left a bowling alley located in the shopping center and entered his car, which was parked some 35 or 40 feet in front of appellant's car. While appellant was still at the rear of his car appellee backed his car and struck the front of appellant's car. Appellant contends his car was knocked backwards about ten feet by the impact and he was injured by reason thereof. Appellant's contention is supported by the evidence of two police officers, his wife, the testimony of two medical doctors, and a hospital employee. One officer testified his investigation showed appellant's car had been knocked backward about ten feet from the original point of the impact. All other evidence for appellant was in support of his claim for injuries.

Appellee contends he just bumped the car of appellant. However, he did admit that he had about two beers over a period of three hours while at the bowling alley; that when he got into his car the windows were fogged up; that he backed some 35 or 40 feet, and that he heard some screams and when he investigated, appellant "was laying on the ground, that's the first I knew he was there."

There was evidence, and we think undisputed, that appellant was not parked inside the parking area designated for parking. Appellant offered evidence as to the alleged custom of parking automobiles in the parking lot, to which the trial court sustained objections and excluded it from the jury.

On submission of the case the jury returned a verdict in favor of appellee. This appeal presents three questions:

(1) General custom, practice or usage is admissible in evidence as bearing on the question of negligence.

(2) The trial court erred in submitting the issue of appellant's contributory negligence to the jury, because no such negligence was shown.

(3) Appellee was negligent as a matter of law and the trial court erred in submitting the issue to the jury.

■ We think the last two questions raised on this appeal are well taken. However, we think exclusion of the general custom, practice or usage evidence offered was correct. See Klaber v. Williams Tractor Co., Ky., 307 S.W.2d 204, in which this court said:

"We think that where business premises are open for use by invitees, with no restrictive barriers or warnings, the invitee cannot be charged with the duty of informing himself of a special custom governing movement of persons, machines or vehicles on the premises, particularly one completely the opposite of universal custom."

■ We think the rule of the case on this appeal, so far as the first question presented, should be adapted from the Klaber case as follows:

"[W]here business premises are open for use by invitees, with no restrictive barriers or warnings, the invitee cannot be charged with the duty of informing himself of a special custom governing movement of persons, machines or vehicles [or the parking of machine or vehicles] on the premises."

■ We think the evidence in this case clearly shows that the negligence of

appellee in getting into his automobile with the windows fogged up and backing 35 or 40 feet was the sole proximate cause of the accident; that it is equally clear that if there was any negligence on the part of appellant in parking outside the marked area, it had no proximate causal connection with the accident; that there could hardly be a plainer case of negligence as a matter of law than was established by appellant's evidence, and that appellant was entitled to a peremptory instruction leaving only the question of damages for the jury. See Lawhorn v. Holloway, Ky., 346 S.W.2d 302, and the cases cited therein; Duff v. Lykins, Ky., 306 S.W.2d 252; Vaughn v. Jones, Ky., 257 S.W.2d 583, and Farris v. Summerour, Ky., 296 S.W.2d 708. The case of Carlisle v. Reeves, Ky., 294 S.W.2d 74, is not applicable.

It is our opinion that the trial court should have sustained appellant's motion for a directed verdict on the issue of liability and submitted to the jury the question of damages only.

The cause is reversed with directions for a new trial on the sole issue of damages.