**Carol L. Harrington EVANS and John R. Harrington, Appellants,**

**v.**

**Otto J. LORENZ, Appellee.**

Court of Appeals of Kentucky.

June 27, 1969.

As Modified on Denial of Rehearing Oct. 24, 1969.

Edwin O. Davis, Davis & Mahan, Louisville, for appellants.

David J. Thompson, Jr., William P. Swain, Raymond O. Harmon, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellee.

ROBERT M. COLEMAN, Special Commissioner.

This is an appeal from a judgment on a directed verdict resulting from a car-truck collision. There is little or no disagreement as to the facts. The plaintiff-appellee's van truck was parked in front of his residence about one-half on the blacktop and one-half on the shoulder, or grass, headed in the wrong direction. The defendant-appellant Carol L. Harrington Evans was driving her father's (John R. Harrington's) car at about 20 to 25 miles per hour and struck the parked vehicle. The collision happened on Millgate Road, which is a two-lane subdivision road in an unincorporated area of Jefferson County. It was a dark, cold night with no streetlights, or lighting of any nature, at the scene. As the driver of the car approached the blue truck headed toward her on her side of the road, she was meeting two cars with bright lights approaching her from the opposite direction. She dimmed her lights and struck the parked truck without seeing it.

The county policeman who investigated the wreck testified that the car stopped at the point of impact; that the pavement was 18 to 20 feet in width; and that to have passed the parked truck, the driver of the car would have been compelled to leave her lane of travel.

At the conclusion of all the evidence, the trial court directed a verdict for the plaintiff-appellee, Lorenz, and rendered judgment for $915.15, the stipulated damages to his truck, and dismissed the counterclaim of defendants-appellants for $1,000 personal injuries to Carol Harrington Evans and for $673.69 to John R. Harrington, the stipulated damage to his car.

The appellants contend that KRS 189.450, prohibiting the parking of motor vehicles "upon the main traveled portion of a highway" is applicable in this case, and that the definition set out in KRS 189.010 (2) brings the site of this accident within the statute. The trial judge held that the statute was not applicable, and relying upon the opinion of this court in Lee v. Dutli, Ky., 403 S.W.2d 703, he directed a verdict for appellee upon the ground that the negligence of the driver of the car in failing to see the parked van was the sole proximate cause of the accident.

We first deem it necessary to determine if KRS 189.450(1) imposed any duty upon appellee. The pertinent provision thereof is:

"No person shall stop a vehicle, leave it standing or cause it to stop or to be left standing upon the main traveled portion of a highway; provided, however, that this section shall not be construed to prevent parking off the main traveled portion of a highway or street in a city or suburban area where such parking is otherwise permitted."

The place where this accident happened was a "highway" under the definition appearing in KRS 189.010(2). This being a paved street 18 to 20 feet in width, appellee's truck was partially parked on the "main traveled portion" thereof. Appellee therefore violated the provisions of this statute unless it does not apply to a suburban area in Jefferson County.

It is appellee's contention that KRS 189.-390(4) (c) has the effect of exempting appellee from the traffic regulation of KRS 189.450(1) above quoted. The former sec-

tion provides that under certain conditions "the county court may by order establish 'no parking' areas on and along such highways * * *" (those other than state highways). It is contended that since the county had not designated the place where appellee's truck was parked as a "no parking" area, parking was therefore permitted because the county had been given the exclusive authority to promulgate this sort of traffic regulation. We do not so construe KRS 189.390(4) (c).

■ In KRS 189.450(1) the legislature had prohibited parking on the *main traveled portion* of a highway. KRS 189.390 (4) (c) does not authorize a county to permit parking in such areas. It authorizes Jefferson County to designate *additional* areas on a highway as "no parking" zones. According to appellee's theory, in Jefferson County anyone could lawfully park anywhere at any time on the traveled portion of any street or highway (other than a state highway) unless the county had by appropriate signs designated such areas as "no parking" areas. To state that proposition is to deny its validity. We therefore conclude that appellee was not entitled to a directed verdict on the ground that he had not violated a duty imposed by KRS 189.450(1).

■ Appellee points out that we have held KRS 189.450 does not apply to *city* streets. Duff v. Lykins, Ky., 306 S.W.2d 252; Robinson Transfer Co. v. Turner, 244 Ky. 181, 50 S.W.2d 546; Kimble v. Standard Oil Co., 235 Ky. 169, 30 S.W.2d 890. We are not inclined to extend the principle announced in those cases to *counties* even though they contain suburban areas. To do so would leave us a no-man's land of parking traffic regulation.

■ Appellee was illegally parked. Whether or not his violation of KRS 189.-450(1) was a proximate cause of the accident was a jury question. We cannot say, as was said in Lee v. Dutli, Ky., 403 S.W. 2d 703, that appellant's act of running into the parked vehicle was the sole proximate cause of the accident. She testified to facts which may have justified her inability to see this vehicle in time to avoid it. On her counterclaim of course there is in the case the issue of contributory negligence.

The only issue involved in this appeal is the causative negligence of the respective parties. It is a fundamental rule that the jury is entitled to pass upon the questions of negligence, contributory negligence and causative negligence, unless the evidence is so clear that but one conclusion could be drawn by fair-minded men. Stanley v. Caldwell, Ky., 274 S.W.2d 383; O'Donley v. Shelby, Ky., 262 S.W.2d 362; De Buyser v. Walden, Ky., 255 S.W.2d 616; and Hardware Mut. Casualty Co. v. Union Transfer & Stor. Co., 205 Ky. 651, 266 S.W. 362.

Each negligence case must be determined by its own set of facts. It would appear from the testimony in this case the time, place and manner in which appellee parked his truck and the failure of appellant Evans to see the truck or keep a lookout under the circumstances of this case presented questions for the jury to determine as to the respective causative negligence of the parties.

The case is reversed and remanded for a new trial.

MONTGOMERY, C. J.,[1] and HILL, MILLIKEN, OSBORNE, PALMORE, and REED, JJ., concur.

1. Since the rendering of the original opinion Chief Justice Montgomery has died; on petition for rehearing all members of the court concurred in a modification of the opinion.