## FRIES v. UNITED STATES.
### Civ. No. 1260.

District Court, W. D. Kentucky,
at Louisville.

Jan. 27, 1948.

S. J. Stallings, F. J. McCormack and Charles B. Zirkle, all of Louisville, Ky., for plaintiff.

David C. Walls, U. S. Atty., Hobson L. James, Jr., Asst. U. S. Atty., and Randolph A. Brown, Sp. Asst. U. S. Atty., all of Louisville, Ky., for defendant.

SHELBOURNE, District Judge.

October 14, 1946, at the intersection of Southern Heights Avenue and Lentz Avenue in Louisville, Kentucky, a truck, operated by "Our Own Deliveries" and driven by the plaintiff William Fries and a Plymouth Automobile, owned by the United States and driven by William Earl Croslin, collided at about 1:15 p.m.

The streets were dry and the weather was fair.

The plaintiff, Fries, received serious injuries, principally a compression fracture of the second lumbar vertebra and a chip fracture, which resulted in his suffering much pain and being confined to the hospital and his home; being compelled to wear a plaster of Paris cast for three months and being unable to work until April 1947, since which time he has done light work and has, since returning to work and was, July 14, 1947, still wearing a Tailor brace.

There is little dispute in the evidence but that he has sustained an impairment or disability of approximately twenty-five percent. He was thirty-three years old and had been driving a truck for approximately eight years.

He filed his petition in this case against the United States to recover $35,180; $500 of which was alleged expenditures for hospital and medical bills; $4,680 of which was for lost time. The remaining $30,000 was for alleged pain and suffering and the alleged permanent impairment, all of his claim arising out of the injuries sustained in the collision.

The action was filed under the Federal Tort Claims Act, Title 28 U.S.C.A. § 921.

It was claimed in the petition that the Plymouth automobile was, at the time of the accident, being operated on the business of the "Public Health Service", an agency of the United States.

The answer of the defendant, as amended, denied the material allegations of the petition and affirmatively plead that in September 1946, a plan was devised by the Louisville and Jefferson County Board of Health, with the aid of the Kentucky State Board of Health, by which a venereal disease survey would be conducted in Louisville and Jefferson County to be known as the "Louisville and Jefferson County Venereal Disease Case Finding Project" and to be under the direction and control of Dr. William F. Lamb, Assistant Director of the Louisville and Jefferson County Board of Health; that the plan contemplated a total expenditure of $72,265, of which the Louisville and Jefferson County Board of Health contributed $26,560, the Kentucky State Board of Health $10,000 and the United States Public Health Service $35,705; and in addition to its monetary contribution, the United States Public Health Service lent the Louisville & Jefferson County Board of Health, a laboratory and five passenger vehicles; that William E. Croslin, operator of the Plymouth automobile involved in the accident in this case, was employed by the Louisville & Jefferson County Board of Health and that the United States Public Health Service had no control over the project, other than to see that the contributed funds were expended in accordance with the authorization and that the Plymouth automobile, though owned by the United States, had been loaned to the Louisville & Jefferson County Board of Health and was at the time being operated by Croslin, an employee of the local health unit and that he was being paid, and his activities directed by that office.

The case was tried July 14, 1947 to the Court without a jury, as provided by the Federal Tort Claims Act.

### Findings of Fact.

From the evidence introduced in this case, the Court finds—

1. That the Southern Heights Avenue, a public thoroughfare running East and West, and Lentz Avenue, a public thoroughfare running North and South, intersect at right angles. The traffic at said intersection, not being controlled by traffic officers or signal lights, is controlled, as to traffic, by subsection (2), Section 189.-330, Kentucky Revised Statutes.

On October 14, 1946, plaintiff, William M. Fries, was driving a Hudson Truck for "Our Own Deliveries" and traveling east on Southern Heights Avenue, approaching its intersection with Lentz Avenue, at a speed of from fifteen to twenty miles per hour. A Plymouth automobile, owned by the United States, and driven by William Earl Croslin, was traveling north on Lentz Avenue at a speed of from twenty to twenty-five miles an hour. The truck driven by plaintiff crossed the west line of Southern Heights into its intersection with Lentz before the automobile driven by Croslin crossed over the south line of Southern Heights into the intersection.

2. The plaintiff Fries having first entered the intersection, it was the duty of Croslin to yield the right of way.

3. The collision occurred in the east driving lane of Southern Heights. The front of the truck driven by plaintiff Fries was approximately at the east line of Lentz Avenue, crossing the intersection when it was struck near its right rear wheel by the front of the Plymouth car driven by Croslin.

4. Plaintiff Fries received the injuries complained about in this action as a result of the collision.

5. The collision occurred as the direct and proximate result of the failure of Croslin to yield the right of way and not to enter the intersection after the plaintiff's truck had entered the intersection and until the plaintiff's truck had passed across the intersection sufficiently to leave the east driving lane, on Lentz Avenue in the intersection, clear.

### Conclusions of Law.

1. William Earl Croslin was negligent in the operation of his car by violation of subsection (2) of Section 189.330, Kentucky Revised Statutes, which is as follows—"Except as stated in subsections (3) (4), (5) and (6), or where otherwise directed by a traffic officer, the operator of a vehicle shall yield the right of way at the intersection of their paths to a vehicle approaching from the right unless the vehicle approaching from the right is further from the point of intersection of their paths than the first named vehicle."

II. Plaintiff Fries was not contributorily negligent and is not precluded from recovery, by reason of any negligence on his part contributing to the collision.

III. The Plymouth automobile was not being operated by its driver Croslin for the United States and neither the United States nor any agency of the United States had control or direction of Croslin at the time. Croslin was an employee of and paid by the Louisville & Jefferson County Board of Health, a corporate entity created by Section 212.350, Kentucky Revised Statutes, with power to sue and be sued and with other powers enumerated in the Statute, including the power to conduct and direct the venereal disease survey and study provided for in the plan set forth as Exhibit 2 and with funds and equipment supplemented and furnished by the United States Public Health Service.

IV. The United States, in furnishing the Plymouth automobile to the Louisville & Jefferson County Board of Health, did not furnish a dangerous instrumentality and if, as contended by plaintiff, the driver of the car should be held an employee of the Government because the salary to be paid the chauffeurs of the five cars furnished for the survey by the Government, was to be paid out of the budgeted funds contributed by the Government, the latter would still not be liable. "When one person puts his servant at the disposal and under the control of another for the performance of a particular service for the latter, the servant, in respect of his acts in that service, is to be dealt with as the servant of the latter and not of the former. This rule is elementary. * * *" Stott v. Louisville & Nashville R. Co., 270 Ky. 787, (790), 110 S.W.2d 1086, 1087.

V. The United States, having no direct control over the activities of Croslin, is not responsible for any negligent operation by him of the automobile.

VI. Therefore, a judgment is authorized in this case, dismissing plaintiff's petition.

Counsel for defendant will tender such judgment, upon notice to opposing counsel.