**DU VAUL et al. v. MILLER et al.**

No. 7567.

United States District Court
W. D. Missouri, W. D.

June 19, 1953.

On Motion to Set Aside Order
July 21, 1953.

See also, D.C., 13 F.R.D. 197.

318

James Patrick Quinn, Kansas City, Mo., for plaintiff.

John Alder, Kansas City, Mo., for Employers Mutual Liability Ins. Co., of Wis.

Popham, Thompson, Popham, Mandell & Trusty, Sam Mandell, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The defendants have filed their motion for judgment on the pleadings and have supported same by a tender of depositions, affidavits, and an extensive brief on the law.

The only question in the case is whether, upon the undisputed facts, the plaintiff, in any view of the case, is entitled to recover.

It is charged by plaintiff that on the 28th day of September, 1951, in Kansas City, Clay County, Missouri, "the defendants by and through their said agent (Wayne Hawkin) were operating a bulldozer with a cable attached, said cable being wrapped around a tree stump and hooked with a large iron hook; that said defendants' agent so negligently and carelessly operated said bulldozer as to cause said hook to come loose from said stump before plaintiff reached a place of safety, and to strike said plaintiff in the head causing him serious, permanent, and progressive injuries as hereinafter set out."

It appears from the undisputed facts gleaned from the depositions and from an unanswered affidavit of codefendant, Wilfred E. Miller, that the bulldozer in question, together with its operator, Wayne Hawkin, had been loaned to the plaintiff at a rental of $17 per hour, and that, although Wayne Hawkin was paid by the defendants, nevertheless the said Hawkin operated said tractor under the full and complete control of the plaintiff.

According to plaintiff's deposition the tractor and its operator were loaned to him and his partner at the straight rate of $17 per hour and that, under his direction, and

that of his partner, the tractor was used to pull stumps in an area over which the plaintiff had a clearing contract. At all times the tractor and its driver were under the sole direction and control of the plaintiff and at the time of the accident the plaintiff and his partner had placed a hook or a loop over a stump and directed the operator of the tractor to make the pull, when, by reason of a loose connection, the hook became unfastened and struck the plaintiff in the head, as claimed by him, inflicting serious injuries upon him.

The District Judge for the Western Division of Kentucky, in Fries v. United States, D.C., 76 F.Supp. 396, loc. cit. 398, quite pertinently quoted from a Kentucky decision, the fundamental or elementary principle applicable to cases of this kind:

" 'When one person puts his servant at the disposal and under the control of another for the performance of a particular service for the latter, the servant, in respect of his acts in that service, is to be dealt with as the servant of the latter and not of the former. This rule is elementary. * * *' Stott v. Louisville & Nashville R. Co., 270 Ky. 787, 790, 110 S.W. 2d 1086, 1087."

This opinion was affirmed, 6 Cir., 170 F.2d 726, 729, where the court briefly discussed the "Lent Servant Doctrine".

The Supreme Court of Missouri in McFarland v. Dixie Machinery & Equipment Co., 348 Mo. 341, 153 S.W.2d 67, 70, 136 A.L.R. 516, discussed at great length the "lent servant doctrine" and quoted approvingly the rule which would enable the original master to escape liability:

"To escape liability the original master must resign full control of the servant for the time being, it not being sufficient that the servant is partially under the control of a third person."

According to the facts in this case, the original master had in fact resigned full control of its servant in the operation of the tractor rented or loaned to the plaintiff.

57 C.J.S., Master and Servant, § 566, p. 284, discusses the hired or loaned servant doctrine and succinctly states the rule as follows:

"The usual test of liability for the acts of the servant is whether in the particular service in which the servant is engaged or which he is requested to perform he continues liable to the direction and control of his original master or becomes subject to the direction and control of the person to whom he is loaned or hired, or who requests his services".

Moreover, according to the deposition of the plaintiff, it would seem that if there were any negligence involved in the act which caused his injury, such negligence was his.

Under the circumstances, there being no issue of liability or negligence on the part of the defendants, the motion for a summary judgment should be and will be sustained.

### On Motion to Set Aside Order.

On June 19, 1953, the court sustained defendants' motion for a summary judgment. At that time excerpts from depositions together with affidavit was submitted in support of said motion. The time had elapsed for the filing of briefs in opposition or for the filing of counter-affidavits. Accordingly, the court accepted the motion with supporting data as being confessed by plaintiff. Subsequently the plaintiff, through his counsel, filed a motion to vacate the order and presented reasons for failure to answer the motion under Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A.

In the light of the circumstances the court permitted the plaintiff, out of time, to file his affidavit and brief in opposition to the motion for a summary judgment. It would follow, therefore, that if the affidavit thus submitted shows that there is a genuine dispute of facts, then it would be the duty of the court to set aside the order granting summary judgment and to overrule the motion therefor. The only question decided before was whether the defendants had put their servant under the complete control of the plaintiff at the time plaintiff claims to have suffered

320

an injury by reason of the negligence of the servant. The plaintiff made an issue of this question by supplying data in opposition to the motion for a summary judgment. In other words, his affidavit is to the effect that he employed the defendants to do certain work for him on a contract and that such employment was of the nature of a subcontract and that in the execution of said contract plaintiff was injured and the defendants became liable because of the negligent acts of their servant.

■ 1. Rule 56(b), Federal Rules of Civil Procedure, makes provision for the "defending party" to move for a summary judgment, but, as said in Traylor v. Black, Sivalls & Bryson, Inc., 189 F.2d 213, loc. cit. 216:

"A summary judgment is to be entered in a case if, but only if, the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * * A summary judgment upon motion therefor by a defendant in an action should never be entered *except where the defendant is entitled to its allowance beyond all doubt.* To warrant its entry the facts conceded by the plaintiff, or demonstrated beyond reasonable question to exist, should show the right of the defendant to a judgment with such clarity as to leave no room for controversy, and they should show affirmatively that the plaintiff would not be entitled to recover under any discernible circumstances. * * * A summary judgment is an extreme remedy, and, under the rule, should be awarded only when the truth is quite clear." (Emphasis mine.)

The above opinion was from the Eighth Circuit Court of Appeals and arose in this court.

In like manner, in Dulansky v. Iowa-Illinois Gas & Electric Co., 191 F.2d 881, 883, the Court of Appeals, this circuit, in interpreting Rule 56, said:

"It was not the purpose of this rule to require a party to try his case on affidavits with no opportunity to cross-examine witnesses; in fact only in a rare case can it be determined by affidavit that the evidence available will be such as to entitle the movant, if the case were tried on its merits to a jury, to a directed verdict because there has been no opportunity to cross-examine the witnesses."

And the court continued, 191 F.2d loc. cit. 885:

"The burden of proof was upon the movant, not upon the plaintiffs, and all doubts are resolved against the movant."

In Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, loc. cit. 627, 64 S.Ct. 724, loc. cit. 728, 88 L.Ed. 967, the Supreme Court said:

"* * * Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try."

■ In view of the above, as there is at least a doubt as to the right of the defendants to have their motion sustained, the same should be denied. It will be ordered, therefore, that the summary judgment heretofore entered be vacated and that the motion therefor be overruled.