### TAYLOR v. UNITED STATES.
### Civ. A. No. 2415.

United States District Court
W. D. Kentucky, at Louisville.
July 24, 1953.

---

4. Similar reports were before the Supreme Court in Fay v. New York, supra.

Robert E. Hogan, Louisville, Ky., for plaintiff.

Norris W. Reigler, Asst. U. S. Atty., Chas. F. Wood, Acting U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

This is an action filed by Marshall Taylor against the United States July 17, 1952, by which he seeks to recover $15,600 damages on account of personal injuries sustained by him in an accident which occurred in Louisville, Kentucky, on the 25th day of April 1952.

The action was filed under the Federal Tort Claim Act, Section 1346, Title 28 U.S.C.A.

The Government filed a counterclaim, seeking to recover $131.33 alleged damage to a Ford Panel Truck, owned by the United States and driven by a member of the United States Army, which was involved in the collision with the plaintiff Taylor's taxicab.

The case was tried to the Court, under the provisions of the Federal Tort Claim Act, February 17, 1953.

On the stipulation entered into by counsel at the trial and upon the testimony heard at the trial, the Court makes the following

### Findings of Fact.

1. At or about 7:40 P.M. April 25, 1952, Marshall Taylor was operating a taxicab westwardly on Kentucky Street in Louisville, Kentucky.

2. Simultaneously, a Ford Panel Truck, owned by the United States and operated by an employee of the United States and a member of its military forces, Del H. Carr, was proceeding southwardly on Sixth Street.

Del H. Carr, in charge of the government vehicle, was operating same within the scope and course of his employment and on the business of the United States, said Carr then being a member of the Military Police.

3. The taxicab driven by Taylor stopped on the east crosswalk at the intersection in obedience to a boulevard stop sign and was proceeding across the intersection westwardly, traveling at a rate of speed not in excess of from five to ten miles an hour.

4. The Government vehicle, operated by Carr, was being operated at a speed which the Court finds to have been in excess of thirty miles per hour and at such a rate of speed that when Marshall Taylor brought his taxicab to a stop at the stop sign on the east side of the intersection, the Government vehicle was not within Taylor's vision.

5. The Government vehicle was operated in a negligent manner, at a rate of speed in excess of a reasonable rate of speed and in excess of thirty miles per hour and its operator was not exercising ordinary care to keep a lookout ahead and to have his vehicle under control, so as to enable him to avoid bringing his vehicle into collision with other vehicles entering the intersection from Kentucky Street in advance or ahead of the Government vehicle.

6. As a direct and proximate result of the negligence on the part of the driver of the Government vehicle, the collision took place at or near the west crosswalk of Kentucky Street. The front wheels of the taxicab were across the east line of the crosswalk on the west side of said intersection.

7. The plaintiff Marshall Taylor sustained injuries in said accident, which were painful, not such as the evidence indicates to have been permanent or to have resulted in any permanent impairment of the plaintiff's earning power.

8. As a result of the injuries sustained, Marshall Taylor lost $80 by reason of his inability to work for a period of two weeks and he expended $34 for doctor and medical

922

treatment; suffered pain in his shoulder, arm, neck and body on account of said injuries.

9. By reason of the injuries sustained, Marshall Taylor is entitled to recover on account of said wages, medical expenses and pain and suffering $650.

10. The Ford Panel Truck, owned by the Government, was damaged as stipulated by the parties in the amount of $131.33, none of which damage resulted from any negligence on the part of Marshall Taylor, but was the result of the negligence of Del H. Carr, the driver of the Government vehicle.

## Conclusions of Law

1. This Court has jurisdiction of the parties and of the subject matter; jurisdiction of the plaintiff's claim being conferred by Section 1346(b) of Title 28 U.S.C.A., and has jurisdiction of the defendant's counterclaim by authority of Section 1346(c) of Title 28 U.S.C.A.

11. Sections 189.330(4) and (5), K.R.S., are as follows—

(4) "The driver of a vehicle shall stop at the entrances to a through highway and shall yield the right of way to other vehicles which have entered the intersection from the through highway or which are approaching so closely on the highway as to constitute an immediate hazard, but the driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on the through highway shall yield the right of way to the vehicle so proceeding into or across the through highway.

(5) "The driver of a vehicle shall likewise stop in obedience to a stop sign at an intersection· where a stop sign is erected at one or more entrances to the intersection although part of a through highway does not form the intersection. He shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed."

In the case of Danville Cab Company v. Hendren, 304 Ky. 528, 201 S.W.2d 561, 563, Hendren was driving north on College Street in Lexington and stopped at the intersection of that street with Walnut Street in obedience to a stop sign. After looking both ways, he proceeded across Walnut Street and when about two-thirds of the way across the intersection, a taxicab westbound on Walnut Street struck him. The proof showed that Hendren was traveling at five or six miles per hour and that the cab was traveling as fast as forty miles per hour. In an action by Hendren against the Cab Company, the latter filed a counterclaim for its property damage. A judgment in favor of Hendren and dismissing the Cab Company's counterclaim was affirmed. The Court said—

"Here the proof shows that Hendren reached the intersection, stopped, as he says, looked up Walnut Street, where he said he could see 200 feet, and saw no approaching car. Some proof shows that the taxi, which was not seen by Hendren or any of his companions, was driving at an unreasonable rate in a city and approaching an intersection, even though on a preferred street.

"Hendren had the right under the statute [KRS 189.330(5)] supra, after obeying the stop sign, and seeing nothing in or so near to the intersection as to appear hazardous, to proceed. He also had the right to assume that the driver of the taxi would obey the law as to speed, and as to having his car under control, surely to use ordinary care to avoid a collision, even though he was on a preferred street. [Citing Cases.]

"We cannot hold that Hendren was as a matter of law guilty of sole or contributory negligence. * * *"

In the subsequent case of Louisville Taxicab & Transfer Company v. Tungent's Adm'r, 313 Ky. 1, 229 S.W.2d 985, the collision occurred at an intersection of Kentucky and Brook Streets in Louisville. The truck being operated on Brook Street, stopped in obedience to a stop sign at the intersection and then proceeded across

Kentucky Street. When the truck had almost entirely gotten across the street the taxicab, going east on Kentucky Street, struck the truck. The verdict in favor of decedent's administrator against the Cab Company was affirmed, the Court citing the case of Danville Cab Company v. Hendren, supra. See also Fries v. United States, D.C., 76 F.Supp. 396, a case from this Court.

The Court concludes that the plaintiff Marshall Taylor is entitled to a judgment for $650 and that defendant's counterclaim should be dismissed.

Judgment accordingly will be submitted on notice to defendant's counsel.