**Bessie M. DESGROSIELLIER, Appellant,**

v.

**Robert VAUGHN et al., DBA Blue Motor Coach Lines, Appellees.**

Court of Appeals of Kentucky.

Jan. 23, 1959.

John Rose, Anton B. Dreidel, Louisville, for appellant.

Ben T. Cooper, Mayer, Cooper & Kiel, Louisville, for appellees.

WADDILL, Commissioner.

Appellant, Bessie M. Desgrosiellier, brought this action to recover damages in the sum of $41,428, which she allegedly sustained as a result of an accident involving appellant's automobile and a bus owned by appellees, Swain and Whittaker, and operated by appellee, Vaughn. The appeal is from a judgment entered upon a verdict in favor of appellees. A reversal is sought on the sole ground that the court erred in refusing to grant her request for a last clear chance instruction.

The collision between appellant's car and appellees' bus occurred about 7:00 a. m., on July 30, 1956, in the northwest quadrant of the intersection of St. Catherine and Preston Streets, in the City of Louisville. Appellant was driving her car west on St. Catherine Street and appellee Vaughn was operating his bus south on Preston Street. Traffic at this intersection was regulated by traffic lights. Both appellant and appellee Vaughn claimed that they obeyed the traffic signal at the time they entered the intersection.

Appellant testified that she was driving between 25 and 30 miles an hour as she

approached Preston Street. Upon reaching the intersection of Preston Street, she stated the traffic light gave her the right-of-way and when she proceeded into the intersection the operator of appellees' bus failed to obey the traffic light and drove the bus into the right rear fender of her car. Appellant stated that the collision caused her to lose control of her car and that her automobile continued out of control across the intersection where it struck a tree in a yard on the northwest side of St. Catherine Street. Appellant sustained extensive and painful injuries, and the automobile was considerably damaged.

The driver of the bus testified that when he reached the intersection the traffic light was "red" for him and other southbound traffic on Preston Street, so he waited for the light to turn "green" before proceeding. After the light had switched to "green" for traffic on Preston Street, he started his bus forward and then saw appellant's car traveling west on St. Catherine Street when it was about 30 feet east of the intersection, and he concluded that appellant would not stop her car at the intersection although the traffic light was "red" for traffic proceeding west on St. Catherine Street. So, he immediately applied his brakes and brought his bus to a complete stop, with the front end of the bus extending about two feet into the intersection. While the bus was in this position, appellant drove through the "red" traffic light, came into the intersection at approximately 40 to 50 miles an hour and sideswiped the front bumper of the bus with the right rear side of her automobile.

The parties seem to be in accord as to the necessary elements which must be present in order to warrant the application of the last clear chance doctrine. These elements were stated by this Court in Kentucky & West Virginia Power Co. v. Lawson, Ky., 240 S.W.2d 843. Consequently, the real dispute between the parties involves the question of whether there was evidence to satisfy all the essential requirements for the application of the doctrine. Appellant urges that there is such evidence, while appellees contend there is no evidence to show that the driver of the bus had a clear chance or any chance to avoid the accident after appellant's peril was apparent.

When the testimony of the witnesses is considered in connection with the physical facts demonstrated by the record, the only conclusion that can be reached is that the driver of the bus neither had the last chance nor a clear chance to avoid the accident.

While the doctrine of last clear chance has been recently applied in this jurisdiction in cases involving collisions between moving vehicles (Louisville Taxicab & Transfer Co. v. Tungent's Adm'r, 313 Ky. 1, 229 S.W.2d 985), we are of the opinion that it should not be applied to the ordinary intersection accident case in which the act creating the peril occurs almost simultaneously with the happening of the accident and in which neither party can fairly be said to have a last clear chance thereafter to avert the consequences.

In the instant case the trial court did not err in refusing appellant's request for a last clear chance instruction. Whitesides Cab Co. v. Reed, Ky., 306 S.W.2d 249; Galloway v. Patterson, 312 Ky. 862, 229 S.W.2d 960.

Judgment affirmed.