Angeline SEAMON, Adm'x of Estate of
Ralph Seamon, Deceased, Appellant,

v.

Katherine Anne BOLTON et al., Appellees.

Court of Appeals of Kentucky.

Nov. 3, 1961.

John C. Anggelis, Lexington, for appellant.

Stoll, Keenon & Park; Miller, Griffin, Marks & Stephens, Lexington, for appellee.

STANLEY, Commissioner.

This is an action by the administratrix of the estate of Ralph Seamon for damages for his death resulting from injuries sustained in an automobile intersection collision attributed to the negligence of the defendant, Katherine Anne Bolton, seventeen years old, driver of an automobile owned by the Greyhound Rent A Car Company. Katherine's father, Dr. Ralph Bolton, was made a defendant on the ground that he had signed her application for a driver's license and her negligence was imputed to him by the provisions of KRS 186.590. At the conclusion of all the evidence, the court peremptorily instructed the jury to find for the defendants. The plaintiff appeals.

The appellant insists that there was a conflict in the evidence, and reasonable minds could differ as to the conclusions to be drawn therefrom. She stresses the point that the court at first overruled the motion for a peremptory. It was granted upon reconsideration.

The accident occurred at the intersection of Mill and Second Streets in Lexington. Mill is a north-south street and was at the time restricted to one-way southbound traffic. Second is an east-west street and was restricted to one-way westbound traffic. The deceased, Dr. Seamon, a young veterinarian, was driving a Plymouth station wagon south and Miss Bolton was driving a Cadillac westbound. The front

of her car struck the station wagon behind the left rear door. It crashed sideways into a utility pole at the southwest corner of the intersection and was battered in. Dr. Seamon died five days later as a result of his injuries.

Two witnesses in separate cars parked on Mill Street just north of the intersection were engaged in reading some papers when their attentions were attracted by the crash of the collision. Another witness was in the act of putting a coin in a parking meter on Mill Street near the intersection. She testified that she heard "this car go by" (apparently the Seamon car) at a "normal rate of speed" and then heard the crash. Katherine Bolton was called by the plaintiff to testify as if on cross-examination. Certain facts not material here were elicited from her. She stated she was driving in the right-hand lane on Second Street and remembered there was an automobile parked in that lane and another was in the act of parking. She slowed down or perhaps stopped and then went around it. It was raining. She testified her windshield wipers were operating, and she had a clear vision ahead. She noticed the traffic light on Broadway (a block beyond Mill Street) was red, but she did not see any car approaching on Mill Street, although she was looking toward the intersection. She did not see the Seamon automobile until the instant she struck it. She then swerved around to the back of it and her car went into a spin. It was developed on examination by her attorney that she was traveling 20 or 25 mph.

Miss Bolton, when called as a witness on behalf of herself and other defendants, gave substantially the same evidence regarding the collision, the only material difference being that here she testified that when she first saw the Seamon car she was "at the end of the sidewalk" and in an instant struck the car in the middle of the Mill Street intersection.

Mrs. Julian Elliott, hostess of the John Hunt Morgan memorial home, which is lo-cated on the northwest corner of the intersection, testified that she was standing inside at the front door facing Mill Street and looking through a glass side window. The door is about twenty feet from the sidewalk. She saw the station wagon pass. Said she: "I was a little frantic when I saw how it was traveling as it approached Second and Mill because it did not stop * * * just went straight on through. I went to the big window over in the corner to see better and about that time I heard this tremendous crash and I saw the station wagon that had gone by turned around toward the East." The "big window" faces Second Street. The witness further stated that the driver was "looking straight ahead, and he went right on through." She was "positive" of this. The automobile was going at "a moderate speed." She did not see the Cadillac before the collision.

There was a "stop" sign on Mill Street at the edge of the northwest corner.

■■■ Miss Bolton was on a favored street and had the right to proceed in reliance of a car approaching on Mill Street yielding the right of way, although of course, she could not do so entirely oblivious to imminent danger of a collision or without exercising due care commensurate with the situation to avoid a collision. Let it be assumed there was sufficient evidence to take the question of her negligence to the jury. On the other hand, the decedent was required by the statute to stop and yield the right of way to the car on Second Street. Even if he momentarily stopped, he did not yield to the car which was then so close as "to constitute an immediate hazard." KRS 189.330 (4); Central Petroleum Co. v. Wright, Ky., 290 S.W.2d 465.

The evidence in this record is clear of contradiction. We cannot accede to the appellant's contention that there were circumstances or inferences to be drawn from the testimony which a jury might regard as affecting its weight and swing the balance to a logical conclusion of negligence

on the part of the defendant's driver and absence of contributory negligence on the part of the plaintiff's decedent. There was nothing indecisive about the testimony nor anything having a tendency to affect the credibility of any part of it. The violation of the statute by the deceased in failing to obey the stop sign was negligence as a matter of law. We recognize that that of itself is not always or necessarily determinative, for the question of causal relation may be the determining factor. We cannot agree with the appellee that there was room for reasonable minds to differ as to the proximate cause of the accident. Of course, so far as the plaintiff's decedent is concerned, it had to be only a contributing factor if the defendants were negligent.

There was no place in this case for the application of the last clear chance rule. Severance v. Sohan, Ky., 347 S.W.2d 498.

We conclude the ruling of the trial court is correct. Mullen v. Coleman, 297 Ky. 351, 179 S.W.2d 600; Romans v. Duke, 313 Ky. 157, 230 S.W.2d 439; Vaughn v. Jones, Ky., 257 S.W.2d 583; Manning v. Claxon's Ex'x, Ky., 283 S.W.2d 704.

Judgment affirmed.