W. R. FREELAND, Appellant,

v.

Danny G. TODD, Appellee.

Court of Appeals of Kentucky.

March 20, 1964.

As Modified on Denial of Rehearing
June 5, 1964.

Robert G. Hunt, King, Deep & Branaman, Henderson, for appellant.

Leonard T. Mitchell, Mitchell & Withers, Henderson, for appellee.

CULLEN, Commissioner.

W. R. Freeland sued Danny Todd for damages arising out of a collision between the Freeland and Todd automobiles at a street intersection in the city of Henderson. The trial court instructed the jury that Freeland was negligent as a matter of law but submitted the issue of liability under a last clear chance instruction. The jury found in favor of Todd and judgment was entered dismissing the claim. Freeland has appealed, asserting as his first contention that the court erred in ruling that he was negligent as a matter of law.

Todd was going east on Powell Street. Freeland was going north on Meadow Street. Powell Street was the superior thoroughfare, there being stop signs on Meadow Street at the intersection. Some of the evidence was that Freeland stopped at the stop sign; other evidence was that he approached the intersection very slowly but did not stop. In any event, he entered the intersection in the path of the Todd car, which struck the Freeland car in the side and knocked it across the intersection to the northeast corner.

Freeland was unable, on the trial, to remember any of the circumstances of the collision.

All of the testimony, except that of the witness Sawyer, was that the position and speed of the Todd car, at the time Freeland entered the intersection, were such that the Todd car constituted an "immediate hazard" to Freeland within the meaning of KRS 189.340(4). Sawyer testified that he had been going west on Powell Street and

had turned left to go south on Meadow Street. When he completed his turn the Freeland car was some 20 feet south of the intersection. Sawyer continued some 200 feet down Meadow Street and then heard the sound of the collision. He said that he "thought" he looked down Powell Street before turning; that "as far as I know" there were no vehicles coming from the west; and that he "didn't see" any car coming down Powell Street.

Appellant Freeland contends that Sawyer's testimony was sufficient to raise a jury question of whether the Todd car was approaching so closely to the intersection, when Freeland entered it, as to constitute an immediate hazard to Freeland. We think the contention is not sustainable. In the first place, Sawyer did not say that the Todd car was not in view—he said only that he did not see any car in taking the look that he thought he took. In the second place, and more significant, is the fact that after Sawyer had taken his look, he entered and turned through the intersection and continued 200 feet down Meadow Street, at a slow rate of speed, before he heard the sound of the collision. In the time it took him to do this, the Todd car (assuming it was not visible before) could have come into full view within hazardous proximity to the intersection. (The Todd car was going 40 m. p. h. and there was a clear view down Powell Street for two blocks or 1,000 feet.)

■ Sawyer's testimony does not constitute probative evidence that the Todd car was not in such position as to constitute an immediate hazard at the time Freeland entered the intersection. Since all of the other testimony shows that it was in such a position, the trial court properly ruled that Freeland was negligent as a matter of law.

■ Appellant argues that the giving by the trial court of a last clear chance instruction negatives the idea that the plaintiff was contributorily negligent as a matter of law, because if Todd was sufficiently far from the intersection to have a clear chance to avoid the collision, then he could not be said as a matter of law to have been so close as to constitute an "immediate hazard." The answer to this argument is that the court should not have given a last clear chance instruction. Desgrosiellier v. Vaughn, Ky., 320 S.W.2d 304; Smith v. Crenshaw, Ky., 344 S.W.2d 393; Seamon v. Bolton, Ky., 351 S.W.2d 51. However, the giving of the instruction could not have been prejudicial to the plaintiff; it got him to the jury when there should have been a directed verdict against him.

■ The appellant makes these contentions in respect to the factor of *speed*: (1) The court should have instructed generally on the defendant's duties concerning rate of speed; (2) the last clear chance instruction should have included a statement of the defendant's duties concerning rate of speed; and (3) the court erred in refusing to admit testimony that the defendant had violated the speed limit in a school zone some three or four blocks back from the place of the accident. The simple answer to all these contentions is that when the plaintiff was found to be contributorily negligent as a matter of law, any antecedent negligence of the defendant was eliminated from consideration, and had there been a proper issue of last clear chance that issue would have involved only the question of whether the defendant exercised ordinary care in the use of the means at his command to avoid striking the plaintiff after the latter was in the position of peril from his own negligence; it would not involve any questions of violation of specific duties concerning speed, lookout, etc.

■ A final contention of the appellant's is that the court erred in sustaining an objection to a certain question asked a witness, on the ground that it was leading. The witness was a policeman who had arrived on the scene after the accident happened. The question was: "Who was

standing over him [the injured plaintiff, lying on the pavement], if there was anyone?" We are inclined to the view that the question was not improperly leading, but since the particular point involved was of such minor significance, and since counsel could have rephrased his question, the sustaining of the objection to the question could not be considered prejudicial.

The judgment is affirmed.

PALMORE, J., not sitting.