**Arden M. GROOMS, Administrator, etc., Appellant,**

**v.**

**Solomon T. PUCKETT et al., Appellees.**

Court of Appeals of Kentucky.

June 10, 1966.

As Modified on Denial of Rehearing

Sept. 30, 1966.

Robert B. Reed, Holland G. Bryan, Paducah, for appellant.

Henry O. Whitlow, Waller, Threlkeld & Whitlow, Paducah, for appellees.

MONTGOMERY, Judge.

Appellant Arden M. Grooms, individually and as administrator of the estate of David Farris Grooms, his son, sued Solomon T. Puckett and his son, William Puckett, appellees, to recover damages arising from the death of the younger Grooms by reason of an auto accident. At the close of the evidence introduced by all of the parties, the court peremptorily instructed the jury to find for the appellees. The correctness of this action is challenged on this appeal.

This action resulted from a collision between a motor scooter and an automobile at the intersection of Clark and Adams Streets with Thirty-first Street in Paducah. Thirty-first Street runs north and south. Clark Street intersects from the east. On the opposite side of Thirty-first Street from the intersection of Clark Street, Adams Street intersects and continues to the west. The south line of Clark Street where it intersects Thirty-first Street on the east side thereof is approximately in line with the north line of Adams Street where Adams intersects on the west side of Thirty-first Street, making an offset as one proceeds from Clark to Adams. At the time of the accident the deceased, David Grooms, was traveling on a motor scooter from east to west, crossing this intersection from Clark Street to Adams Street. Because of the offset it was necessary to cross the intersection diagonally. David entered the intersection near the center of Clark Street and was crossing the intersection at a slight angle when his scooter collided with the automobile driven by William Puckett.

Officer Dunlap, who made an investigation of the accident, fixed the point of impact near the center of Thirty-first Street and about in line with the south line of Clark Street and the north line of Adams Street. Dale Hume, an eyewitness, said that Grooms proceeded diagonally from Clark Street across Thirty-first toward Adams Street.

At the time of the accident William Puckett was driving an automobile north on Thirty-first Street. His brother Joe and Ricky Allen were passengers in his car. It had just become dark; the lights of the automobile were on. They were proceeding at a rate of speed of approximately 30–35 m. p. h. As they reached the intersection of Clark Street the car was struck on the right front bumper by the motor scooter operated by David Grooms, who was then 15½ years of age. William Puckett and Ricky Allen did not see the motor scooter before the accident but Joe Puckett testified that he saw just a flash of red from the right immediately prior to the impact. The scooter was red. Photographs show a dent on the right front corner of the auto bumper. The marks on the car extended from the dent on the bumper imprinted with red paint to dents in the right fender and right door of the automobile, a broken right portion of the windshield, and to a dent imprinted with red just below the front door.

The witness, Dale Hume, who had been riding a motorcycle with the deceased and who was following the deceased approximately ½ block away, testified in detail as to the occurrence of the accident. According to Hume, David Grooms had proceeded to the intersection on his motor scooter at approximately 30–35 m. p. h., and had given no indication that he would stop. This witness noted the car approaching the intersection with its lights burning. He saw the collision. The car was described

as operating in a normal manner at a speed of approximately 35 m. p. h.

Dale Hume further testified that it was "dusky-dark" and there was no headlight on the Grooms scooter. The light was not in operating condition.

Thirty-first Street at this intersection was the preferred street. There were regular stop signs at the northeast corner of the intersection controlling traffic entering Thirty-first Street from the east on Clark Street, on which the decedent Grooms was traveling.

The court gave as the basis for the directed verdict that the failure of David Grooms to yield the right of way to the car constituted negligence. Appellant urges that the accident occurred in the decedent's lane of traffic and that the Puckett car was traveling at an excessive rate of speed. This contention is based on testimony of the appellant and his wife's relative, Alvin Farris, concerning observations made after the accident. Appellant also contends that the ruling was based on the testimony of Dale Hume and that Hume's testimony was impeached by three witnesses. Hume testified that the deceased did not stop at the stop sign before entering Thirty-first Street. Appellant Grooms' daughter, her husband, and a sister of Grooms' wife testified that Hume told them the next night after the accident that the deceased had stopped in obedience to the sign.

The physical facts (especially the dented right front bumper of the automobile) point conclusively to the truth that the decedent was not traveling southwardly in his own lane of traffic. The evidence does not support any inference other than that the decedent's failure to yield the right of way was the proximate cause of the accident. KRS 189.330(4) requires that the operator of a vehicle shall stop at the entrance of a through street and " * * * shall yield the right of way to other vehicles which have entered the intersection from the through highway or which are approaching so closely on the highway as to constitute an immediate hazard." In these circumstances the alleged excessive speed of the car and its being somewhat to the left of the center may not be regarded as proximate causes of the accident.

There is no question that the Puckett car was either in the intersection or so close as to constitute an immediate hazard. The testimony of Dale Hume on this point described the approach of the Puckett car as follows: "I was behind him (Grooms), I had to turn around after he left, I got down there about half way between the railroad track and the road, and I saw this car coming, I could see the headlights on it and the top of the car, * * *."

The failure of the deceased to yield the right of way is described thus: " * * * he was getting real close to the intersection and had not slowed down or anything, I didn't think he was going to stop, I started to stand up on the cycle and holler at him, his scooter was making a lot of noise, he couldn't hear, I was afraid he would look back and not pay attention to what he was doing, he might dodge it. He went out in the road, and the car came on down, and it seemed to me like just before the impact I could see him on the scooter in the headlights, just a little bit. At first I thought he made it across, you can't really judge distance from behind at that angle, but he sort of—just a split second before—kind of swerved a little bit, the car hit him, I could not say exactly how it hit him, I heard the noise, could see it, but could not figure out exactly how it happened, I heard the noise of the scooter, saw the scooter sliding in the road, and the car pulled off over to the left and stopped, and I could see—I saw David sliding across the road."

Thus, the evidence shows that the deceased should have seen the approach of the Puckett car, and he entered the intersection in complete disregard of his duty to yield the right of way to the oncoming car which obviously was either at or in the intersection. The failure to see the approaching

car was negligence. Brumbach v. Day, Ky., 260 S.W.2d 939; Roberts v. Rogers, Ky., 265 S.W.2d 448; Couch v. Hensley, Ky., 305 S.W.2d 765. In Freeland v. Todd, Ky., 379 S.W.2d 723, the evidence was in dispute whether the driver on the inferior street stopped. He then drove into the path of the approaching car on the favored street with a collision resulting. It was held that under the evidence the car approaching on the favored street was in such position as to constitute an immediate hazard within the meaning of the statute, although the contention was made that the approaching car was speeding. The same decision was reached in Seamon v. Bolton, Ky., 351 S.W.2d 51. In such cases, as here, the failure to yield the right of way constitutes such negligence as will bar recovery. The trial court correctly directed a verdict for appellees. The cases cited by appellant are considered inapplicable.

It is unnecessary to consider other contentions raised and the motion to correct the record.

Judgment affirmed.