**Richard W. SHIELDS and Herbert H. Monsky, Co-administrators of the Estate of Thelma M. Shields, Deceased, Appellants,**

v.

**Larry R. GOINS, Appellee.**

Court of Appeals of Kentucky.

Nov. 17, 1967.

Rehearing Denied April 26, 1968.

------◆------

Edwin Cohen, Cohen & Cohen, Louisville, for appellants.

Herman L Humphrey, Louisville, for appellee.

DAVIS, Commissioner.

This action stems from a two-car collision at the intersection of Norris Place and Deerwood Street in Louisville. A jury returned a verdict denying recovery for the claimed wrongful death of Mrs. Thelma M. Shields, driver of one of the vehicles. This appeal seeks reversal of the judgment entered on the verdict and presents four grounds of error: (1) the testimony of an important witness was erroneously excluded; (2) the appellee was guilty of gross negligence so that contributory negligence of the decedent is no bar to recovery; (3) an erroneous instruction was given as to the right-of-way of the appellee; and (4) an instruction on last clear chance should have been given.

The accident occurred on a clear day in December at a time when the streets were dry and visibility good. For convenience we shall refer to the participants as Mrs. Shields and Goins. For practical purposes we shall regard Norris Place as running in a north-south direction and Deerwood Street as running in an east-west direction.

Goins was traveling north on Norris Place in a black Chevrolet Impala car; there were three passengers with him. Norris Place is the boulevard or preferred street at its intersection with Deerwood. Mrs. Shields was traveling eastwardly along Deerwood and had stopped her station wagon in compliance with a fixed stop sign for traffic on Deerwood. The speed limit along Norris Place as fixed by ordinance of the City of Louisville was thirty-five miles per hour. Goins made various estimates of his speed, ranging from forty to forty-five miles per hour. According to the evidence for Goins, he observed Mrs. Shields' vehicle stopped at the intersection when he was more than 240 feet south of the intersection. When Goins passed an alley about 240 feet from the intersection, he observed Mrs. Shields move her car slightly, but he testified that she did not enter the intersection at that time but stopped again, and he assumed that she would remain stopped until he had passed the intersection. However, when Goins had come to another alley about 141 feet south of the intersection, he saw Mrs. Shields driving her car eastwardly in an effort to cross the intersection in front of him. He said that he then locked his brakes and did all that he could to avoid colliding with her car, but to no avail. The passengers in Goins' car substantially corroborated his version of the accident.

There were two passengers in the Shields station wagon, but neither of them saw the Goins car until it was right on them. Mrs. Shields gave no outward sign of serious injury just after the accident, and she related to an investigating officer that she never did see the Goins car. There were various estimates as to the length of skid marks laid down by the Goins car, ranging from forty-five to one-hundred feet. Norris Place is thirty-six feet wide and has two driving lanes and two parking lanes at its intersection with Deerwood. Goins was unable to recall any car parked in the northbound parking lane, and there was some indication that the front of Mrs. Shields' vehicle had reached the parking lane on the east side of Norris Place at the moment of impact.

It was shown that Goins had observed an acquaintance passing in a green Chevrolet and that he abruptly took off from a parked position in pursuit of the acquaintance. Goins denied that he was pursuing the Chevrolet, but explained that he intended to proceed to a place or places (two) to which

he anticipated the acquaintance would go. The appellants seek to imply that Goins was hotly pursuing his acquaintance, but there was no direct evidence to support that theory.

The administrators of Mrs. Shields' estate offered a witness who testified by avowal that he saw a black Chevrolet Impala just before the time of the accident and that the car was then traveling about forty-five miles per hour, and he heard its tires "scream" as it rapidly turned a corner. The witness was unable to say that the car he saw was the one being operated by Goins. The trial court excluded the evidence on the theory that there was no proper identification warranting its admission. We believe that the trial court was correct in its ruling, but even had it not been so, it is our view that no prejudicial error occurred in rejecting the evidence. This is so because there was an abundance of testimony including admissions by Goins himself of a speed as great as that related by the proffered witness. The avowal testimony would have been merely cumulative.

Appellants tendered instructions which would have authorized the jury to find in behalf of Mrs. Shields' estate, even though they regarded her as having been contributorily negligent, if the jury believed that the negligence of Goins was wanton. In support of their contention that the instruction should have been given, the appellants cite Casey v. Com., Ky., 313 S.W.2d 276, and Ratliff v. Big Sandy Co., Ky., 389 S.W.2d 911. Those decisions would be persuasive if the evidence revealed conduct on the part of Goins which could be characterized as wanton. It does not. It is our view that the trial court correctly refused the tendered instructions because there was no evidence to support a finding that Goins was guilty of wanton negligence as defined in the authorities relied upon by appellants.

The appellants complain that the trial court erroneously instructed the jury that Goins had an absolute right-of-way at the intersection. Reliance is had upon Thomas v. Dahl, 293 Ky. 808, 170 S.W.2d 337, and Siler v. Williford, Ky., 375 S.W.2d 262, for the general proposition that the matter of right-of-way is not an unqualified right but a relative one notwithstanding the literal language of the statute. The argument fails because the trial court gave a proper instruction relating to Mrs. Shields' duty " * * * to yield the right-of-way to traffic on Norris Place including the automobile being operated by the defendant, Goins, which traffic was then in the intersection or so near to it as to constitute an immediate hazard, and not to enter the intersection unless and until she could do so with reasonable safety." This instruction did not give Goins an absolute right-of-way, but complied with KRS 189.330(4) and (5). Riggs v. Miller, Ky., 396 S.W.2d 69.

The appellants contend that the court erred in refusing to give an instruction upon last clear chance. In support of that contention, Louisville Taxicab & Transfer Co. v. Tungent's Adm'r, 313 Ky. 1, 229 S.W.2d 985, is cited. We consider the factual situation at bar distinguishable from that presented in the just cited case. We consider the rationale of Desgrosiellier v. Vaughn, Ky., 320 S.W.2d 304, as ruling the case at bar. In commenting upon the issue at hand, it was said in Desgrosiellier:

"While the doctrine of last clear chance has been recently applied in this jurisdiction in cases involving collisions between moving vehicles (Louisville Taxicab & Transfer Co. v. Tungent's Adm'r, 313 Ky. 1, 229 S.W.2d 985), we are of the opinion that it should not be applied to the ordinary intersection accident case in which the act creating the peril occurs almost simultaneously with the happening of the accident and in which neither party can fairly be said to have a last clear chance thereafter to avert the consequences."

Of like import see Freeland v. Todd, Ky., 379 S.W.2d 723; Seamon v. Bolton, Ky., 351 S.W.2d 51; and Smith v. Crenshaw, Ky., 344 S.W.2d 393. It is our view that the

facts of the present case do not present a sufficiently substantial case of last clear chance to justify an instruction upon that theory.

The judgment is affirmed.

All concur.